Hill v. Powers.

joint debt; and, had Lamb undertaken to do this,— which he did not, — he could not have bound the other two, though all had been principals in the note paid; much less could he do it, when the other parties were merely his *sureties*, as they were in this case. The debt paid with this money was Lamb's individual debt, as it respects all the world, except, perhaps, the payee, or an indorsee, of the note.

BENJAMIN HILL v. DANIEL W. POWERS.

In pleas in abatement all facts must be stated *affirmatively*,—and not *argumentatively*, leaving the principal facts to be *inferred* from what is stated.

To say, in such plea, that it *does not appear* by the officer's return upon the writ, that he left with the defendant a true copy of the writ, is stating the fact argumentatively.

Hill *v.* Powers.

The court, in deciding upon a demurrer to a plea in abatement for want of proper service of the writ, will not look beyond the plea, to ascertain whether the service was sufficient, unless the return is referred to and made a part of the case.

It is a general rule of law that one party may give in evidence the sayings of the other party, in relation to the subject matter of the suit. Therefore, where controversy had arisen between H. and P. as to the terms of a contract for service, and P. said H. had left him, "and he should set his long head to work to cheat him out of what he had done," it was held that this was admissible testimony, to be weighed by the auditor in considering the credit of P. as a witness, and his understanding of the contract.

When both parties appeal from the judgment of a justice, and the defendant, without offering to pay the judgment, or to tender confession of judgment to the justice, as the statute provides, takes out the copies and enters the appeal in the county court, and the case is there litigated, the same rule will be observed, in taxing cost, as would govern if the plaintiff had not appealed.

BOOK ACCOUNT. The action was commenced before a justice of the peace, and came to the county court by appeal.

The defendant pleaded in abatement that "the writ was served as a writ of summons, and not otherwise, as appears by the officer's return thereon; yet, by the officer's return thereof, it does not appear that any true copy of said writ, by the officer serving said writ, has been delivered to him, or left at the house of his then usual abode, although an inhabitant of this state, as the law directs." To this plea the plaintiff demurred, and the county court sustained the demurrer, and rendered judgment that the defendant answer over; to which decision the defendant excepted.

An auditor was appointed by the county court, who reported, in substance, as follows. The plaintiff presented an account for his labor for the defendant from March 24, 1841, to Aug. 21, 1841, amounting to $58,56. There was no controversy but what the services were rendered as charged; but the defence was, that they were performed under a contract, by which the plaintiff was to labor for the defendant eight months from March 24, 1841, at twelve dollars per month, and that the plaintiff left the defendant's service before the eight months had expired. The testimony of the parties was conflicting as to the terms of the contract, but the auditor

found, that, by the terms of the contract, either party had a right to put an end to it whenever he should choose; in which case the plaintiff was to be paid for what he had done.

Among other testimony, offered by the plaintiff, he offered to prove that the defendant, soon after the plaintiff left his employment, said, "Hill has left me, and I shall set my long head to work to cheat him out of what he has done." The admission of this testimony was objected to by the defendant, but the auditor admitted it, and it was considered by him in determining the case.

The county court accepted the report of the auditor, and rendered judgment for the plaintiff for the amount of his claim; to which decision the defendant excepted.

It appeared that both parties appealed from the judgment of the justice, but the plaintiff did not take out copies; the defendant took out the copies, and entered the appeal. The plaintiff recovered the same amount in the county court, that he recovered before the justice. The county court allowed to the plaintiff full cost, as though no appeal had been taken by him; to which the defendant also excepted.

*A. Howard, Jr.*, for defendant.

1. The plea in abatement alledges, that it does not appear by the officer's return, that any true copy of said writ has been delivered by the officer serving the same to the defendant, or left at the house of his usual abode. Nothing can be intended in an officer's return, but what is necessarily or fairly implied from what is expressed. Rev. Statute 180, § 12. *Reading* v. *Weathersfield*, 3 Vt. 349. *New-Haven* v. *Vergennes*, 3 Vt. 89. *Smilie* v. *Runnels*, 1 Vt. 148. *Townshend* v. *Athens*, 1 Vt. 284. *Fairlee* v. *Corinth*, 9 Vt. 265. *Cox* v. *Johns*, 12 Vt. 65. By the demurrer it is admitted that no copy was delivered to the defendant, or left at the house of his usual abode. The court cannot look beyond the plea to the return, to cure any of its defects. If the return does not show a legal service, the writ must abate. If there was any excuse for not delivering a true copy to the defendant, which does not appear by the return, the plaintiff might here have replied it. *Swetland* v. *Stevens*, 6 Vt. 577. *Pearson* v. *French*, 9 Vt. 349. 1 Sw. Dig. 611. *Marvin* v. *Wilkins*, 1 Aik. 107. *Newton* v. *Adams*, 4 Vt.

437.   *Gilbert et al.* v. *Nantucket Bank*, 5 Mass. 97.   *Colby* v. *Dillingham et al.,* 7 Mass. 475.   *Gage* v. *Graffam*, 11 Mass. 181.

2.   We contend that the court below erred in accepting the report of the auditor.   The issue between the parties before the auditor was, the terms of the contract,—whether it was conditional or absolute.   What the defendant said about his intentions, or the motives by which he was influenced in resisting the claim of the plaintiff, had no legitimate tendency to prove the issue, or discredit the defendant, and was therefore inadmissible.   1 Sw. Dig. 761. 1 Stark. Ev. 145.

3.   The plaintiff, by his appeal, restricted himself to the costs before the magistrate.   The case finds that the plaintiff recovered the same sum before the magistrate, that he recovered in the county court.   The plaintiff by his appeal prevented the defendant from confessing judgment, leaving the money with the Justice, or making a tender to the plaintiff twelve days before the session of the county court.   The object of the statute is, to prevent the defendant from being harrassed with a vexatious prosecution to increase costs, when the plaintiff had recovered what was his due.   If the court affirm the decision of the county court, the beneficial effect of the statute is done away.   Rev. St. 473, §§ 18, 20.   Ib. 174, § 49. *Ellenwood* v. *Parker*, 3 Vt. 65.   *Baker* v. *Blodgett*, 1 Vt. 145. *Clark* v. *Rice*, 6 Vt. 33.   *Stevens* v. *Briggs*, 14 Vt. 44.

*Parker* for plaintiff.

1.   Nothing is to be intended in favor of a plea in abatement. *Roberts* v. *Moon*, 5 T. R. 487.

2.   The evidence received by the auditor certainly was admissible as an admission ;—we insist also that it was admissible as going to the credit of Powers, who was a witness in chief on the hearing before the auditor.   2 Stark. Ev. 38.

3.   We contend, that, by the course taken in the case, the plaintiff's appeal was abandoned, and the suit went on as if the defendant alone had taken an appeal.

The opinion of the court was delivered by

HEBARD, J.   The plaintiff has demurred to the defendant's plea in abatement, and urged objections to the plea as being defective in

*form,* as well as *substance.* Pleas in abatement are not the peculiar favorites of the law, and therefore more certainty and strictness is required.

There is no *direct* and *positive* allegation that the officer serving said writ did not leave such copy of the same as the law requires. The plea merely states that, by the officer's return, it does not so appear. This is stating a fact argumentatively, which, in pleas in abatement, is always regarded as bad. *Pearson* v. *French,* 9 Vt. 349.

The fact should have been stated *directly,* and the officer's return on the writ might have been referred to as the evidence of that fact. And if the return is to be regarded as the only evidence of what service in fact was made, still that does not excuse the want of a proper allegation in the plea. In dilatory pleas a higher degree of certainty is required, than in pleas which go to the merits. Pleas in *estoppel* and pleas in *abatement* are unfavorably regarded by the law, the former because they preclude the other party from averring the truth, and the latter because they attempt to defeat the action upon grounds that have no connection with the merits. These pleas are required to set forth the grounds, upon which they are based, with the highest degree of *accuracy* and *precision,* leaving nothing to be supplied by intendment, or construction. Gould's Pl. 85. This plea only states the fact, upon which it is based, *argumentatively,* leaving the main fact to be intended and inferred, and is therefore insufficient. The plaintiff has argued this question upon the ground that the service was in fact sufficient, and in compliance with the statute. Whether this is so, or not, we have no means of determining. The officer's return is not made a part of the case, and no copy of it has been shown to the court, and we are not called upon to look beyond the plea, to determine and pass upon the sufficiency of the service.

The defendant also objects to the report of the auditor, for the reason that the plaintiff was allowed to prove what the defendant said in relation to paying the plaintiff for his work. The objectionable part is as follows: " The defendant said that Hill had left him, and he should set his long head to work to cheat him out of what he had done."

The statute has made the parties in an action on book competent witnesses. They give testimony like other witnesses, and their

Hill *v.* Powers.

testimony, in its bearing upon the case, is to be considered like that of other witnesses. It may be rejected for its irrelevancy, or disregarded for its improbability. They are subject to the same rules and modes of impeachment, as other witnesses. They may be impeached as to their general character for truth; they may be shown to have told different stories, and to have given different accounts of the transaction; their testimony may be disproved, and rebutted by other proof; and it is always proper and allowable to show the state of feeling that exists between the witness and the party against whom he is testifying. In this case a controversy arose between the parties, in relation to the contract. The testimony of the parties conflicted, and the auditor was under the necessity of determining in his own mind, which version of the contract was to gain credit with him. This was said by the defendant in relation to the subject matter of the controversy, after the controversy had arisen. It is therefore obvious, by all the rules of estimating the credit of testimony, viewed and looked at through the candor and conduct of the witness, that this testimony was admissible, and the auditor was justified in considering it for the purpose aforesaid. There is another ground, upon which I think the testimony was admissible. One of the essential elements of a good contract is the *understanding* of the parties, and what the defendant has said in relation to the contract may be considered, for the purpose of arriving at his own understanding of it. We are at liberty to regard the words of a man as the indices of his motives. The defendant refused to pay the plaintiff for his labor, and the reasons that he assigned for refusing cannot well be objected to by the defendant himself, as evidence of his own understanding of the contract; and we have a right to presume, that, on the occasion, he will assign the true reason which influences him. But in either and both these views we think the testimony properly admitted.

The defendant has also excepted to the decision of the county court, allowing the plaintiff his cost which accrued after the appeal. This suit was commenced before a justice of the peace, and the plaintiff then recovered judgment for his whole claim, and both parties appealed, and the defendant took out the copies of his appeal, and entered the cause in court. The defendant insists that the plaintiff is entitled to no cost since the appeal, for the reason that he

66

recovered no more in damages at the county court, than he recovered before the justice.

If the plaintiff had taken out the copies, and prosecuted his appeal, this question would have arisen. The defendant might have tendered a confession of judgment twelve days before court, or might have paid or tendered the amount in cash, and in either of those cases, if the plaintiff had refused to accept the amount tendered, or the judgment confessed, and had then prosecuted his appeal, he would have stood in the same relation to the statute, in respect to the taking cost, that he would if the defendant had not appealed. But as it is, the defendant appealed, neglected to tender, or confess judgment, and took out the copies, and compelled the plaintiff to litigate his claim, and subjected him to all the cost that he now claims to recover.

We therefore think this case does not come within the *literal provision*, nor within the *reason* and *equity*, of the statute restricting costs.

The judgment of the county court is affirmed.