JOHN SEBESTA ET AL., APPELLEES, V. SUPREME COURT OF HONOR, APPELLANT.

FILED OCTOBER 4, 1906. No. 14,443.

1. An affidavit, under our statute, must have attached the certificate of the officer before whom taken that the oath was administered by such officer.

2. To constitute suicide by one not insane, there must be intentional self-destruction.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. Reversed.

*W. B. Risse* and *A. L. Tidd* for appellant.

*Matthew. Gering, contra.*

DUFFIE, C.

The appellees, who were plaintiffs in the court below, brought this action to recover from the appellant, the Supreme Court of Honor, the amount of a certificate issued to Anton Sebesta. They claim to recover on the certificate as the only heirs at law of the insured. The answer set up two defenses: First, that appellees were not the beneficiaries under the certificate; and, second, that the deceased committed suicide. ·The appellees are all residents of Bohemia, and claim to be the father, mother, brother, and sisters of the deceased. To avoid the expense of taking· a formal deposition to prove this relationship, the parties entered into a stipulation that the affidavit of the plaintiffs in the Bohemian language and a translation thereof into English might be offered in evidence by the plaintiffs in proof of such relationship to the same extent and in the same manner as if the depositions of the said plaintiffs were regularly. taken upon proper notice and before proper authority, the defendant reserving the right to object to the competency, relevancy or materiality of the testimony disclosed by such affidavit. Under this stipulation a paper signed by the plaintiffs, and reciting their relationship to the decedent, was· offered in evidence and received by the court, over the objections of the defendant, as an affidavit of the parties. The jurat attached is in the following language: "I hereby declare that I am personally acquainted with Johann Schebesta and his wife, Katharina Schebesta, senior, householders; Joseph Schebesta, laborer, and Augustine Schebesta, laborer, all living in Hradaschitz, M. C. 59; and Katharina Holub-nee-Schebesta, householder, in Hradaschitz, M. C. 29, and that they have signed this instrument with their own hands. Horazdiowitz, June 24, 1904. Josef Rosenauer, Imperial Notary Public. Fee 1 K. 80t. (Stamp.)"

It will be noticed that the jurat attached to the so-called affidavit does not recite that the parties were sworn by the notary or that the statements therein contained were made under oath. The defendant insists that the paper presented was not an affidavit within the meaning of our statute, and that the same was improperly admitted. This requires us to determine the method in which an affidavit must be authenticated in this state. Section 367 of the code defines an affidavit in the following language: "An affidavit is a written declaration under oath, made without notice to the adverse party." Section 371 is as follows: "An affidavit may be made in and out of this state, before any person authorized to take depositions, and must be authenticated in the same way, except as provided in section 118." Section 118 relates exclusively to an affidavit verifying pleadings and, by its terms, needs no authentication further than the certificate of the officer taking the same, which is sufficient proof, whether he have a seal or not, that the affidavit was duly made, that the name of the officer was written by himself, and that he was in fact such officer. Section 384 relates to the method of authenticating depositions. It provides that, when taken here or elsewhere before an officer having a seal of office, the depositions shall be admitted in evidence upon the certificate and signature of such officer under his seal. If he have no seal and the deposition be not taken in this state, then it shall be certified and signed by the officer, and shall be further authenticated either by parol proof adduced in court or by the official certificate and seal of any secretary or other officer of state keeping the great seal thereof, or of the clerk or prothonotary of any court having a seal attesting that such judicial or other officer was, at the time of taking the same, within the meaning of this chapter, authorized to take the same. Section 385 provides that the officer's certificate, among other things, shall show that the witness was sworn. The so-called affidavit in this case recites the following: "John Sebesta, Katharina Sebesta, Sr., Katharina Sebesta, Jr.,

Frank Sebesta, Augustine Sebesta and Joseph Sebesta, being each duly sworn upon their oaths depose and say that they reside at Hradesic, Kingdom of Bohemia," etc. Defendant in error insists that this recital of the statements in the affidavit being made under oath, and the certificate of the notary showing that the paper was signed by the parties, raises the presumption that they were duly sworn. *Bantley v. Finney*, 43 Neb. 802; *Turner v. St. John*, 8 N. Dak. 245; *Cox v. Stern*, 170 Ill. 442, and *Kleber v. Block*, 17 Ind. 294, are cited to show that the jurat is no part of an affidavit, and need not be attached. It is undoubtedly true that the courts are nearly unanimous in holding that the jurat is no part of an affidavit, and that where no jurat is attached parol evidence may be used to show that it was in fact sworn to, when the statute does not require written evidence of that fact, but they all agree that it must in some manner appear that the oath was in fact administered. As suggested in *Cox v. Stern, supra,* and in *Turner v. St. John, supra,* it is only when no form is prescribed for the affidavit, or for preserving the evidence of the oath, that parol proof may take the place of the official certificate. It is, we believe, fundamental law that parol testimony will not be received to establish any fact of which the statute requires written evidence. *Rosholt v. Corlett*, 106 Wis. 474. It is also well established that parol proof is not admissible to supply defects or omissions in the certificate to a deposition. 13 Cyc. 970; *Pingry v. Washburn*, 1 Aik. (Vt.) 464, 15 Am. Dec. 676. Another suggestion might be offered relating to the requirements of our statute. In the enactment of section 384 of the code, the legislature had under consideration the matters which might be established by parol proof in authenticating a deposition, and it provided that parol proof might be adduced in court of the official character of the officer before whom the deposition is taken, but the official acts done by the officer must, under the provisions of that section, be shown by his own certificate. *Holmes v. Crooks*, 56 Neb. 466. In the opinion in *Bantley v. Fin-*

*ney, supra,* the provisions of section 371 were apparently overlooked; at least the effect of that section was not discussed or referred to. We are clearly of the opinion that under the provisions of our statute an affidavit must bear upon its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same.

The objection urged against the instructions of the court cannot, with the exception of the tenth instruction, be considered. In the motion for a new trial the objections were taken to the instructions *en masse* and, as some of them are clearly right, the exceptions, under frequent decisions of this court, are unavailable. The policy contained a provision that the order would not pay benefits to members who committed suicide, whether sane or insane, unless committed in delirium resulting from illness, or while the member is under treatment for insanity or has been judicially declared to be insane. In all cases not within the exception, the money contributed to the benefit fund by the member shall be returned and paid the beneficiary out of said fund in lieu of the benefits. Defendant asked an instruction in the following language: "You are instructed that if you believe from the evidence that said Anton Sebesta committed suicide by taking internally match heads of phosphorous matches, it is immaterial whether he was sane or insane, and your verdict should be for the defendant, unless you find that such match heads were taken while said Sebesta was in a delirium resulting from illness." The court modified this instruction by inserting after the word "matches" the following phrase: "With intent to kill himself." The court did not err in modifying the instruction. There was no sufficient evidence to submit to the jury the question of the insanity of the deceased, and all the authorities agree that suicide by a person not insane means an intentional self-destruction.

For the error in admitting in evidence the so-called affi-

davit, we recommend a reversal of the judgment appealed from and that the cause be remanded for another trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is reversed and the cause remanded for another trial.

REVERSED.