M. A. GEDNEY COMPANY ET AL., APPELLANTS, v. CHARLES W. SANFORD ET AL., APPLLEES.

FILED SEPTEMBER 27, 1920. No. 20974.

Corporations: SUIT BY CREDITORS. Creditors of an insolvent corporation cannot maintain an action against a part of the stockholders for the payment of corporate debts until it is shown that the stockholders who are not made parties defendant and who are not served with process are nonresidents of the state or for other good and sufficient reason cannot be reached by the process of the court.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. Affirmed.

Fawcett, Mockett & Walford and Burkett, Wilson, Brown & Wilson, for appellants.

John J. Ledwith, T. S. Allen, Anderson & Baylor and Reese & Stout, contra.

DEAN, J.

The M. A. Gedney Company is a Minnesota corporation; the Bank of Dixon county is a Nebraska corporation located at Ponca. The Gedney company and the bank joined as plaintiffs in a suit against Charles W. Sanford and 15 other defendants, alleging that the Hargreaves Mercantile Company was organized as a Nebraska corporation, and that defendants were holders and owners of certain specified shares of stock therein; that in April, 1915, being insolvent and indebted to many persons, it assigned its assets, for distribution among its creditors, to the First Trust Company of Lincoln. The Gedney company sought to recover from defendants $319.98 and the bank sought to recover $1,707.58. Ralph P. Wilson intervened, as assignee for collection of the accounts of a number of creditors, seeking to recover a sum aggregating $3,730.59 on his cross-petition. Six additional creditors intervened and filed a joint answer and cross-petition seeking to recover an aggregate sum approximating $1,500. Plaintiffs and all intervening cross-petitioners seek substantially the same relief, and will, for brevity and convenience, be hereinafter referred to as plaintiffs. They allege in substance that "the assets of the said company have been exhausted and there is a large amount of indebtness still owing to the creditors," and that when it ceased doing business in April, 1915, it was then and long prior thereto had been insolvent. They allege they are entitled to an accounting. When the taking of testimony was concluded the court dismissed the suit at plaintiffs' costs, and they appealed.

Plaintiffs allege generally that "the defendants herein named were all the stockholders in the said Hargreaves Mercantile Company, owning stock therein; * * * that a part of the defendants herein and who are stockholders as above set forth, are nonresidents of the state of Nebraska and service upon a part of the said defend-

105 Neb.—8

ants and stockholders cannot be obtained in the state of Nebraska, and that a part of the said defendants and stockholders * * * are insolvent and collection cannot be made from them by process of law, and that each of the defendants is liable for a part of the liability owed by the said Hargreaves Mercantile Company, the same to be in proportion to the amount his stock bears to that of the solvent stockholders * * * upon whom service may be had, and that the only way that the amount of the liability of each may be determined is by having an accounting in a court of equity."

All answering defendants plead the same defense. To the petition and cross-petitions they interpose a general denial, and specifically deny the existence of the alleged indebtedness.

With the exception of the sheriff's return, "not found in my county," there is no allegation in the petition nor in the cross-petitions, nor is there any proof to show that four or five of the defendants, or some of them, who were named in the petition as stockholders, but were not served with summons, namely, Gladys Hargreaves Southwick, J. B. Waldo, Alex Berger, R. L. Hargreaves, George E. Haskell, and Grace B. Hargreaves, were not residents of Nebraska. It also appears from the stock books that A. E. Hargreaves, A. H. Drain, Frainor Rowan, and J. C. Ridnour, or some of them, were owners of a number of shares of stock when the indebtedness herein was incurred, but none of these men were made defendants. It does not appear what disposition, if any, was made of this stock, but it does appear that none of it came into the hands of the defendants or was owned by them.

With respect to the defendants who were not served with process, as shown by the sheriff's return, it seems to us that it was incumbent on plaintiffs to show that they were not residents of Nebraska, and that they were therefore not within the jurisdiction of the court. That

the court had jurisdiction of defendants residing in the state plainly appears. It follows that the burden was on plaintiffs to show that the defendant stockholders who were not served with summons were nonresidents, if such was a fact. It was not sufficient to show merely they were not found in the county where the suit was pending. Inability to reach them with the process of the court must be shown. With respect to some of the persons who were named as defendants and some others who were shown to be stockholders, but were not named as defendants, it does not clearly appear that they, or in any event some of them, were nonresidents of Nebraska, nor does it appear that such persons, or some of them, did not have property in Nebraska that was subject to levy and sale under execution. *Emanuel v. Barnard*, 71 Neb. 756.

The decisive question in the case before us is not new. The authorities clearly tend to show that the creditors of an insolvent corporation cannot maintain an action against a part of the stockholders for the payment of corporate debts until it is shown that the stockholders who are not made parties defendant and who are not served with process are nonresidents of the state or for other good and sufficient reason cannot be reached by the process of the court.

In *Adler v. Milwaukee Patent Brick Mfg. Co.*, 13 Wis. 63, it is said: "In such actions, unless it be impossible or impracticable, all the stockholders must be made parties. * * * For it would be manifestly wrong and unjust to allow the creditors to select one or more of the stockholders and compel them to submit to burdens from which the other shareholders, though equally bound, are exonerated. Hence the shareholding defendants have the right, unless some good reason for the omission be shown, to insist on all other shareholders being parties also."

In *Dunston v. Hoptonic Co.*, 83 Mich. 372, with respect to the rule in question it is said: "Any other rule would

permit the creditors of the corporation to select one or only a few of the stockholders within the jurisdiction, and compel payment by them of all the debts of the corporation, at least up to the unpaid balance of their subscription, and such subscribing stockholders, in order to compel the others to contribute, would be remitted again to the courts, thus leading to a multiplicity of suits." On this point Thompson (Liability of Stockholders, sec. 353) says: "Moreover, the bill must be filed against all the shareholders, unless some valid excuse is shown for not bringing them in. This must necessarily be so; otherwise, the main object of asserting the jurisdiction of equity, the equalizing of the burden of the shareholders and the preventing of the multiplicity of suits, would be defeated."

It plainly appears that some stockholders have not been made parties defendant and some who were named as defendants were not served with process. Sufficient reason is not shown why they were omitted. Other questions are presented in the respective briefs that in view of our decision we do not find it necessary to discuss.

The judgment is                                    AFFIRMED.

ALDRICH and FLANSBURG, JJ., not sitting.