EARL F. SALLANDER, APPELLEE, V. PRAIRIE LIFE INSURANCE COMPANY, APPELLANT.

FILED MAY 15, 1923. No. 22309.

1. **Evidence:** PRODUCTION OF DOCUMENTS. When a party to an action has secured an order of court to produce a book, paper or document in the possession or control of the adverse party, as provided by section 8901, Comp. St. 1922, and the adverse party refuses to comply with such order, the proper practice is for the party desiring to use the book, paper or document in evidence to offer an affidavit setting forth the contents of such book, paper or document. It then becomes the duty of the court to instruct the jury to presume that the contents of the book, paper or document is such as the affidavit alleges it to be.

2. **Evidence** examined, and *held* not sufficient to sustain the verdict.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed.*

*Blackburn & King,* for appellant.

*McKenzie, Burton & Harris,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., BUTTON, District Judge.

DAY, J.

This action was brought by plaintiff to recover $4,-319.32 alleged to be due from the defendant for services performed under two oral contracts. The trial resulted in a verdict for the plaintiff for $3,297.12, with interest from January 1, 1920, upon which judgment was entered. Defendant appeals.

Plaintiff alleges in his amended petition, and the

amendment thereto, in substance, that on November 29, 1916, the parties to this action entered into a written contract whereby the plaintiff agreed to become the agent of the defendant to solicit life insurance upon a commission basis; that a few days thereafter a question arose as to the meaning of certain parts of the contract, whereupon the plaintiff and the defendant entered into an oral contract, by the terms of which, in addition to the provisions of the written contract, the plaintiff was to receive commissions on renewals and overwritings on policies theretofore procured by him; that there was due and owing to the plaintiff as commissions on renewal premiums more than $1,500, and on overwritings more than $1,000. It was also alleged that between December 15, 1918, and January 15, 1919, a second oral contract was entered into between the parties, by the terms of which the plaintiff was to receive an additional salary of $100 a month and expenses for the year 1919; that there was due and unpaid upon this second oral contract $1,200 as salary and $619.32 expenses.

The defendant denied that the alleged oral contracts were made; denied that it was indebted to the plaintiff in any sum whatever; averred that the only contract existing between the parties was the written contract of November 29, 1916; and further alleged that any item of commissions, renewals or overwritings alleged to be due prior to May 1, 1916, is barred by the statute of limitations. With respect to this second oral contract the defendant denied that the contract was ever made, and averred that the alleged oral agreement was by its terms not to be performed within one year, and was void under the statute of frauds.

It is first urged by the defendant that the evidence was not sufficient to warrant the court in submitting to the jury the question whether there was an oral contract between the parties relating to the payment of commissions on renewals and overwritings. The testimony upon this issue is so interwoven with the testimony as to the

meaning of the written contract that it is difficult to understand. The cross-examination of the plaintiff was long and technical, and many of his answers· were somewhat inconsistent with his theory that a new and independent oral contract had been made a few days after the written contract of November 29, 1916. After a careful examination of the testimony, we have concluded that the evidence was sufficient to submit this issue to the jury.

It is also urged that the plaintiff's testimony bearing upon the alleged second oral contract showed that the contract, if entered into at all, was made in December, 1918; that it was not to be performed within a year, and hence was void under the statute of frauds. Here again there is confusion in the testimony. The plaintiff first testified that this second oral contract was made in December, 1918. Later he was again called to the stand, and made it clear that he desired his testimony to be understood as fixing the date of the second oral contract in January, 1919. The court instructed the jury upon this phase of the case that, if they believed from the testimony that the contract was made in December, 1918, the plaintiff could not recover upon the second oral contract. We think under the circumstances this issue was properly submitted to the jury.

The defendant next contends that the court erred in permitting the affidavit of the plaintiff to be introduced in evidence as proof of the amount of commissions owing to him on renewals and overwritings. This affidavit was offered by the plaintiff, and received in evidence by the court upon the theory that it was competent under section 8901, Comp. St. 1922. This section of the statute provides, in substance, that either party to an action may demand in writing of the adverse party an inspection of any book, paper or document in his possession or under his control containing evidence relating to the merits of the controversy; that, if compliance with the request is not made within four days, the court or

judge upon notice may in their discretion order the adverse party to give the other within a specified time an inspection of the book, paper or document desired, and on failure to comply with such order the court may exclude the book, paper or document from being used in evidence, or, if wanted in evidence by the party applying for it, may direct the jury to presume it to be such as the party by affidavit alleges it to be.

It appears that a proper demand was made by the plaintiff for an inspection of certain books and records of the defendant showing the renewals and overwritings of policies procured by the plaintiff or his agents. This demand not having been complied with, the court made an order commanding the defendant to produce in court at 9 a. m. on September 2, 1920, certain of the books and records of the defendant for inspection by the plaintiff. Apparently this order was not complied with, as it appears that on September 4, 1920, the defendant filed certain objections to the production of its records. No ruling appears to have been made upon the objections. Afterwards the plaintiff filed an amended petition, and secured a second order from the court requiring the defendant to produce for plaintiff's inspection certain designated books and records. In this order no time was designated within which the books should be produced. Apparently this order was not complied with. Later, on December 20, 1920, the plaintiff filed an amendment to his amended petition, and secured from the court a third order requiring the defendant to produce its books and records for the plaintiff's inspection. This order also failed to state within what time the books should be produced. It appears that the plaintiff was accorded the privilege of making only a partial examination of the books. Upon the trial the plaintiff offered in evidence, and the court received, plaintiff's affidavit setting forth in general terms the contents of the books and records demanded with reference to renewals and overwritings. Defendant's main objection to the in-

Sallander v. Prairie Life Ins. Co.

troduction of the affidavit in evidence is that no proper preliminary order for the production of the books and records was made by the court. The point is stressed that the order of the court did not state the time within which the books and records should be produced. This is true of the second and third orders. The first order of the court specifically stated a time. So far as the record shows, the first order was never set aside or modified. In this state of the record we are of the view that the court did not abuse its discretion in issuing the orders for the inspection of the books and records, and further that a sufficient preliminary order was made to permit the affidavit to be used in evidence.

Defendant also urges that the evidence is not sufficient to sustain the verdict. The only evidence bearing upon the amount which the plaintiff claimed for renewals and overwritings was the affidavit above referred to. This affidavit recited in substance that defendant's books would show that from November 1, 1913, to May 10, 1920, the plaintiff and his agents wrote 927 policies in defendant company; that 463 of said policies have been renewed; that the total aggregate of renewal premiums paid to the defendant was $18,901.45, upon which plaintiff was entitled to a commission of 5 per cent., amounting to $2,703.05 (this is a manifest error); that there was paid to the plaintiff on said account $1,203.05, leaving a balance due thereon of $1,500; that the amount of overwritings due the plaintiff was $716.70; that the last payment on account of commissions, renewals and overwritings was made in December, 1919.

Upon the issue presented under the second oral contract the plaintiff testified · that there was due him $1,200 for salary, and $619.32 for expenses, making a total of $1,819.32. It will be observed that the plaintiff's testimony shows his claim to be made up of items as follows:

On first oral contract for renewals........$1,500.00
On first oral contract for overwritings....   716.70

On second oral contract salary and expenses 1,819.32

Total..................$4,036.02

At the defendant's request the court instructed the jury that in no event could the plaintiff recover any commissions shown to be due and unpaid more than four years prior to the institution of the present action, which was on May 15, 1920. Whether this instruction was proper in view of the alleged payment on the account it is not necessary to determine, as plaintiff makes no objection to the instruction. The affidavit of plaintiff shows that the renewals and overwritings were earned between November 1, 1913, and May 10, 1920, a a period of something over six years. No date is given showing when any particular part of the renewals and overwritings were earned by the plaintiff. The aggregate of the renewals and overwritings, according to the affidavits, is $2,216.70. Under the court's instruction the jury were not permitted to allow any commissions earned prior to four years before the commencement of this action. It is plain that the jury had no data before it from which it could determine what part of the total sum was earned within the four-year period. Confronted with this situation it is quite apparent from the verdict rendered that the jury undertook to apportion the total amount earned during the six-year period by allowing 2/3 thereof for the four-year period, as is shown by the following summary:

2/3 of $1,500 claimed on renewals........$1,000.00

2/3 of $716.70, overwritings ............ 477.80

Salary of $100 a month for one year, and expenses of $619.32 ................. 1,819.32

Total...........$3,297.12

This is the exact amount of the jury's verdict. Under this state of facts we think it is clear that there was not sufficient evidence to sustain the verdict. It cannot be

presumed that the commissions earned within the four-year period amounted to 2/3 of the entire amount for a period of six years.

Other objections have been urged by the defendant, which have been considered, but which seem to us unnecessary to determine.

It follows from what has been said that the judgment should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.