E. J. DEMPSTER, RECEIVER OF DUNBAR STATE BANK, APPELLANT, V. WILLIAM S. ASHTON ET AL., APPELLEES: FIRST NATIONAL BANK OF OMAHA ET AL., INTERVENERS, APPELLANTS.

FILED NOVEMBER 16, 1933. No. 28589.

*F. C. Radke, Barlow Nye, Albert S. Johnston* and *Thomas E. Dunbar,* for receiver, appellant.

*Finlayson, Burke & McKie,* for interveners, appellants.

*Jessen & Dierks, George H. Heinke, D. W. Livingston, Tyler & Peterson, B. M. Spencer, Edwin Moran, William H. Pitzer* and *Marshall Pitzer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

EBERLY, J.

This was, as evidenced by plaintiff's amended petition, a proceeding in equity against seventy-eight persons named therein, alleged to be stockholders in the Dunbar Grain Company, a bankrupt corporation, commenced by E. J. Dempster, receiver (E. H. Luikart substituted receiver) of the Dunbar State Bank to recover for the bank and the other creditors of the grain company similarly situated the liability imposed by section 24-213, Comp. St. 1929, for that company's failure to give notices annually of the amount of its existing debts.

The original petition filed November 1, 1930, set forth the items of indebtedness due the petitioner, pleaded the names of the alleged stockholders and the exhaustion of the corporate assets, and contained a paragraph alleging in substance that the subscribers of the capital stock of the grain company had not paid the full amount of such subscriptions. The prayer of this petition included: "That the defendants and each of them are jointly and severally liable for the payment of said amounts to the amount of their unpaid subscriptions to the capital stock of the Dunbar Grain Company, a corporation, and in addition thereto in the amount of the capital stock of said corporation owned by each of them," etc.

To the original petition of the plaintiff George Roos and Mary Roos, for themselves, and the First National Bank of Omaha, Nebraska, filed petitions of intervention against the identical defendants named in the original petition, set forth their respective claims, and alleged the amount remaining unpaid thereon; admitted and incorporated the charge that the original subscriptions for the stock of the grain company had never been fully paid, and substantially admitted all facts alleged in the original petition, including a total failure to comply with the statute requiring the publication by corporations of notices of their existing indebtedness. The pleadings of the interveners were not thereafter amended. However, on December 15, 1930, the plaintiff filed an amended petition which was subsequently again amended as hereinafter set forth.

On January 25, 1932, upon motion in writing by plaintiff, leave was given by the district court to make Albert Rambat a party defendant and for leave to amend the petition accordingly. On that day summons was issued in this cause and was duly served on Albert Rambat on January 26, 1932. Thereafter the defendant Rambat demurred to the amended petition, as amended January 25, 1932, "for the reason that said amended petition as amended January 25, 1932, discloses that any cause of action in favor of the plaintiff and against this defendant accrued more than one year prior to the time that he was made a party defendant herein and is barred by the statute of limitations." It appearing from the record then before the court that plaintiff's cause of action had accrued not later than April 4, 1930, this demurrer the district court sustained, and plaintiff's action as to this defendant was thereupon dismissed. Appellant and interveners do not challenge the correctness of this dismissal.

It appears from the present record as an undisputed fact that one Albert Rambat, a resident of Otoe county, became a stockholder of the Dunbar Grain Company while

it was a going concern; that the stock records of that corporation disclosed that long prior to the commencement of the present litigation, to wit, September 26, 1925, certificate of stock No. 84 had been issued to him, which in terms was "transferable only on the books of this corporation in person or by attorney upon surrender of this certificate properly indorsed." The corporate record was for a long time prior to the commencement of this action, and thereafter for a period of time continued to be, in the possession of the duly appointed and qualified trustee in bankruptcy of the grain company, whose residence was in the county where this action was instituted. Indeed, prior to his employment in the instant case one of plaintiff's attorneys had this corporate record in his possession and caused a list of the stockholders of the Dunbar Grain Company to be copied by a person in his employ, who it seems inadvertently omitted from the copy thus made the name of Albert Rambat. The entries in the stock record also disclosed no transfer by Rambat of the stock issued to him, and in fact none had ever been made, and he was at the time of the commencement of this proceeding, and thereafter continued to be in truth and in fact, a stockholder of the Dunbar Grain Company. However, his name as a stockholder was, due to the error of the copyist above referred to, omitted from the petition, from plaintiff's amended petition as originally filed, and was wholly omitted from the pleadings of the interveners.

After the dismissal of Rambat issues were duly made up between the plaintiff, the interveners, and the defendants, one of which was a challenge to the pleadings of plaintiff and interveners based upon alleged defect of parties defendant. On the hearing on the merits these issues thus joined were determined in favor of the defendants, and the proceedings of plaintiff and interveners dismissed. They appeal.

A single question is decisive as to appellants' rights in this hearing. The district court held that the failure

of plaintiff and interveners to seasonably make Rambat a party defendant created a defect of parties defendant, and no recovery could be had in the present action.

On this subject, in the thirteenth paragraph of its decree, the trial court employed the following language:

"On the issue presented by the several answers of the defendants to the amended petition of plaintiff and the petitions of intervention herein, that there is a defect of parties defendant by reason of the fact that all resident solvent stockholders of Dunbar Grain Company were not made defendants, the court finds in favor of the defendants and against the plaintiff and all interveners; that all of the stockholders of Dunbar Grain Company were not made parties defendant to this action; that Albert Rambat was at the time of the commencement of this action a stockholder in Dunbar Grain Company, a resident of Otoe county, Nebraska, and solvent, and that his omission as a party defendant in this action until January 25, 1932, is not excused by the facts pleaded and shown in evidence by and on behalf of plaintiff and the said interveners; that the judgment of dismissal as to said Albert Rambat of this action heretofore entered herein was made necessary by the omission and neglect of plaintiff to make said Albert Rambat party defendant herein until January 25, 1932, at which time the statute of limitations was available to said Albert Rambat as a defense, and was by him pleaded and sustained; that he is a necessary party defendant in said action and that by reason of plaintiff's said omission and neglect to make him party defendant not in any way waived by the other defendants, neither the plaintiff nor the petitioners in intervention can now maintain this action against the defendants." Thereafter the cause was dismissed for want of equity.

After a careful reading of the record we concur in the view expressed by the trial court, that the omission of Albert Rambat as a party defendant in this action until January 25, 1932, is not excused by the facts pleaded and established by the evidence.

The sole question that remains is: Was he a necessary party in the sense of being an indispensable party under the facts disclosed by the record, in view of the form of the action and the nature of the remedy sought?

The following constitutional and statutory provisions are pertinent:

Section 4, art. XII of our Constitution, provides: "In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

The particular portion of section 24-213, Comp. St. 1929 (enacted in 1891) applicable to the question here presented is (after providing for the giving of a notice of its indebtedness by a corporation) : "And if any corporation shall fail to do so, after the assets of the corporation are first exhausted, then all the stockholders of the corporation, shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given, to the extent of the unpaid subscription of any stockholder to the capital stock of such corporation, and in addition thereto the amount of capital stock owned by such individuals."

This court is committed to the view that the provisions of the statute quoted providing for a liability, which it creates, to follow as a consequence of the doing or omission of some act, and the extent of which is not measured or limited by the damages caused by the act or omission, are in the nature of a penalty and the statute is penal in its character. *Kleckner v. Turk*, 45 Neb. 176.

This court has also adopted the principle of construction as related to constitutional provisions imposing liability on corporate stockholders that they are self-executing. No legislative act is necessary for their enforcement.

These constitutional provisions may not be limited or extended by legislative act. Indeed, the stockholders' liability thereby created is free from legislative interference. *State v. Citizens State Bank,* 118 Neb. 337.

It is obvious that section 24-213, Comp. St. 1929, is in no manner effective to change the stockholders' liability provided by section 4, art. XII of the Constitution. This liability so created is not a joint and several liability. *Kleckner v. Turk,* 45 Neb. 176; *Globe Publishing Co. v. State Bank of Nebraska,* 41 Neb. 175; *Thomas v. Scoutt,* 115 Neb. 848; *Van Pelt v. Gardner,* 54 Neb. 701.

So, too, the principle is established in this jurisdiction that the statutory liability of stockholders for the failure of the corporation to publish annual notice of its debts is penal in its nature and should not be enlarged by construction. *Thomas v. Scoutt,* 115 Neb. 848.

Section 24-213, Comp. St. 1929, limits the recovery possible under its terms by two items, viz., "to the extent of the unpaid subscription of any stockholder to the capital stock," and to "the amount of capital stock owned by such individuals." The first mentioned is created by, and finds its source in, the constitutional provision quoted.

In a suit presenting the question of stockholders' liability because of failure to give the required notice, this court determined:

"Liability for unpaid subscriptions for capital stock of a corporation is based on the subscriber's contract, of which the provision of the Constitution relating to that subject is an integral part.

"Where an original subscriber for shares of capital stock in a corporation pays therefor in full, neither he nor subsequent holders of the same shares through mesne transfers are liable to subsequent judgment creditors of the corporation for unpaid subscriptions." *Thomas v. Scoutt,* 115 Neb. 848.

In *Bourne v. Baer,* 107 Neb. 255, this court determined, in a case where the nature of the liability for unpaid subscriptions was squarely presented by demurrer in cases

based on the violation of section 24-213, Comp. St. 1929, that recovery could be sustained therein solely because of the provisions of section 4, art. XII of the Constitution, and that the constitutional liability was in no manner increased by the terms of the statute.

As created by this constitutional provision, unpaid subscriptions for stock of a corporation are in equity trust funds for the payment of its creditors. *Gilkie & Anson Co. v. Dawson Town & Gas Co.,* 46 Neb. 333.

In *Van Pelt v. Gardner,* 54 Neb. 701, this court held:

"As between the stock subscribers and the creditors of a corporation, each stock subscriber is liable to the extent of his unpaid stock subscription. As between themselves, each stock subscriber is liable for his proportionate share of the corporate debts, and one stock subscriber who has been compelled to pay more than his proportionate share may sue his cosubscribers for contribution.

"One creditor of a corporation cannot maintain an action in his own name and for his own benefit against the debtor stock subscribers of a corporation; but, to subject unpaid stock subscriptions to the payment of corporate debts, all debtor stock subscribers and all creditors of the corporation should be made parties, and a receiver appointed."

See, also, *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593; *Rogers v. Selleck,* 117 Neb. 569.

Section 24-213, Comp. St. 1929, provides for the enforcement of the constitutional liability created by section 4, art. XII of the Constitution, in connection with the ascertainment of the additional amount due from each stockholder where the corporation has failed to give the required notice. The constitutional liability must be determined, as we have seen, by an action in behalf of all creditors against all the stockholders involved. Such stockholders are necessary parties. In the instant case the original petition sought, and the pleadings of the interveners sought, a recovery for unpaid subscriptions against all stockholders, which necessitated that all stock-

holders be made parties defendant in the proceeding. In addition, the obvious purpose of section 24-213, Comp. St. 1929, was to provide for the collection of the liability for unpaid stock subscriptions imposed by the Constitution and the application of the proceeds thus realized to diminish the amount of unpaid creditors' claims before the enforcement of the additional liability of the stockholders provided for therein. The right to insist on this being done was necessarily jointly vested in all stockholders whose stock may have been fully paid, and indeed all stockholders irrespective as to the condition of their stock payments. The fact that they were jointly entitled to insist on the right of contribution or exoneration to the extent of the amount to be realized on unpaid stock subscriptions inevitably suggests that they were necessary parties in the instant case. And whether the reasons above suggested are valid or not, the fact remains that this court has established by a uniform course of decisions the requirement that an action to recover the penalty provided by section 24-213, Comp. St. 1929, must be brought in equity in behalf of all creditors and against all stockholders. *Hastings v. Barnd,* 55 Neb. 93; *Pickering v. Hastings,* 56 Neb. 201; *Emanuel v. Barnard,* 71 Neb. 756; *McCall v. Bowen,* 91 Neb. 241; *Rogers v. Selleck,* 117 Neb. 569; *Brownell v. Adams,* 121 Neb. 304; *Fremont Package Mfg. Co. v. Storey,* 2 Neb. (Unof.) 325.

Indeed, the controlling case, in view of the facts disclosed in the record of the instant case, is the case of *Gedney Co. v. Sanford,* 105 Neb. 112. This was a case properly brought so far as plaintiffs were concerned. It appears from the transcript of the pleadings filed in this court on the appeal that the action was against stockholders of a corporation, and based solely on the liability for the penalty for failure of a corporation to give the required annual notices of existing indebtedness, and that nothing else was involved.

It appears that certain stockholders in this *Gedney* case were made defendants, but summons was returned by the

officer serving the same as "not found." Failure to have process served upon them was not otherwise accounted for. The evidence at the trial on the merits disclosed that three stockholders were neither made parties nor served with summons. It did not appear that these stockholders not served with process and the three stockholders who were wholly omitted were nonresidents of Nebraska, and no good reason for their omission from the action was pleaded or proved. At the close of the evidence the presiding judge, Leonard A. Flansburg, late a justice of this court, in a written opinion now forming a part of the transcript in this court, dismissed the case for the sole reason that stockholders liable were omitted and not brought in, and that no reason or justification is shown why the case could properly proceed without them. The question was thus squarely presented to this court. The judgment of the trial court was here affirmed, and the following rule announced:

"Creditors of an insolvent corporation cannot maintain an action against a part of the stockholders for the payment of corporate debts until it is shown that the stockholders who are not made parties defendant and who are not served with process are nonresidents of the state or for other good and sufficient reason cannot be reached by the process of the court."

The action of the trial court in the instant case was justified and required by the terms of the rule thus announced.

Appellants insist that the instant case is controlled by the views of the writer of the opinion in *Bourne v. Baer,* 107 Neb. 255, to the effect that the demurrer for defect of parties defendant then under consideration, which was based on the fact "that the defendant James A. Shell was not brought into court and is not shown to be a nonresident of the state," was not well taken. However, from the statements of the opinion it fairly appears that Shell was regularly made a party defendant by the terms of plaintiff's petition, but the summons issued thereon as

to him was returned "not found" by the serving officer. This petition was not thereupon amended, but all defendants who were served with summons, except Slote (who answered) and one Henry Poppe, Sr., "demurred to the petition by general demurrers (based on the statute of limitations) and for defect of parties defendant." It is to be noted that "the defect of parties defendant" did not appear on the face of the petition where Shell was properly set forth as a party defendant but solely in the officer's return on the summons issued thereon showing no service made on this defendant. These facts enumerated are not only to be gathered from this opinion but are fully confirmed by the transcript on appeal in *Bourne v. Baer, supra*, filed in this court. In this condition of the record it is obvious that the language of the opinion relied upon by plaintiff as controlling in this cause is wholly without force and effect as a judicial precedent. It is to be noted that the point under consideration is in no manner referred to or reflected in the syllabus of this case as approved by the court. *Holliday v. Brown*, 34 Neb. 232; *Williams v. Miles*, 68 Neb. 463, 481; *Brumbaugh v. Jones*, 70 Neb. 786, 791; *State v. Marsh*, 107 Neb. 637.

While reference is made in the opinion in *Bourne v. Baer, supra*, to section 7648, Rev. St. 1913, as supporting the conclusion expressed by its author, a cognate provision, now section 20-601, Comp. St. 1929, is not referred to, nor are then existing decisions of this court to the contrary, hereinbefore cited, given consideration. These decisions are neither considered, distinguished, nor overruled. But, more serious still, the point discussed by the author of that opinion was not presented by the record then under consideration. On its face the petition demurred to in *Bourne v. Baer, supra*, presented regularly the name of James A. Shell as a defendant. The defect in the proceeding was that there was a failure to serve him with summons; a fact which was disclosed only by the officer's return thereto. The petition thus did not dis-

close the defect. Certain defendants who were properly served with process then demurred to this petition by general demurrers and for defect of parties defendant.

Section 20-806, Comp. St. 1929, provides: "The defendant may demur to the petition *only when it appears on its face,* either; * * * Fourth, That there is a defect of parties, plaintiff or defendant." Section 20-808, Comp. St. 1929, provides in part: *"When any of the defects enumerated in section* * * * (20-806) *do not appear* upon the face of the petition, the objection may be taken by answer." (Italics ours)

The Code provisions above referred to appear in substance in nearly all of the Codes of Procedure of the several Code states. 6 Standard Ency. of Procedure, 898. And under these provisions it has been held without exception that a demurrer for defect of parties will not reach the objection that a necessary party joined as a defendant has not been served. 6 Standard Ency. of Procedure, 899. See, also, *Forbes v. Delashmutt,* 68 Ia. 164; *Belanewsky v. Gallaher,* 105 N. Y. Supp. 77; *Smith v. Day,* 39 Or. 531; *Columbia Savings & Loan Ass'n v. Clause,* 13 Wyo. 166; *Bulkley v. Norwich & W. R. Co.,* 81 Conn. 284; *Hill v. Powers,* 16 Vt. 516.

It is obvious that the portion of the opinion in *Bourne v. Baer, supra,* upon which appellants rely in the instant case, relates to a question not presented by the record for decision, and which was not and could not have been decided by this court, and the conclusion there appearing must be deemed *obiter dicta,* and wholly without binding force and effect as a judicial precedent.

It follows that the action of the trial court in dismissing the proceeding was correct, and is

AFFIRMED.