KENNEDY & PARSONS COMPANY, A CORPORATION, APPELLANT, v. HERMAN G. SCHMIDT ET AL., APPELLEES, E. I. DU PONT DE NEMOURS & COMPANY, APPELLANT.

42 N. W. 2d 191

Filed April 6, 1950. No. 32752.

W. J. Moss, Melvin Moss, and Cloid J. Wilson, for appellants.

Baldwin & Pike, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in equity brought under the provisions of section 24-213, Comp. St. 1929, to enforce stockholders' liability to pay the debts of a dissolved corporation because of the failure of the corporation to publish annual notice of the amount of all existing debts of the corporation. The action is preserved under the general saving provision of section 24-1,104, C. S. Supp., 1941 (now section 21-1,156, R. S. 1943). The trial court dismissed the action on the ground that all the stockholders of the dissolved corporation were not made defendants in the action. Plaintiff and cross-petitioner appeal. They are referred to herein as appellants. We affirm the judgment of the trial court.

No question is raised here as to the facts that the dissolved corporation was the Farmers Union Co-Operative Association of Deshler, Nebraska, a Nebraska corporation; that the notice of indebtedness was not given; that the plaintiff was a judgment creditor of the corporation; that its judgment is unsatisfied; that the corporation has no goods or assets out of which to satisfy the judgment; and likewise that the defendant and cross-petitioner, E. I. Du Pont de Nemours & Company, a corporation, is also such a judgment creditor.

An action to recover the penalty provided by section 24-213, Comp. St. 1929, must be brought in equity in behalf of all creditors and against all stockholders.

In pursuing the remedy provided by section 24-213, Comp. St. 1929, creditors of an insolvent corporation cannot maintain an action against a part of the stockholders for the payment of corporate debts until it is shown that the stockholders who are not made parties defendant and who are not served with process are nonresidents of the state or for other good and sufficient reason cannot be reached by the process of the

court.  Dempster v. Ashton, 125 Neb. 535, 250 N. W. 917.

The questions presented here relate to whether or not good and sufficient reason has been shown for the failure of plaintiff to join stockholders as parties defendant.

We recite only that part of the record that has to do with the questions here presented.

The transcript shows the trial judge's notes of January 16, 1947, to the effect that the files of the case were misplaced and that copies of the pleadings were ordered substituted.  Accordingly it would seem that all pleadings shown in the transcript prior to that date are substituted copies.  The transcript shows the appearance docket record of the clerk of the court.  Where it appears reasonably certain, the dates shown on the appearance docket are those used here as the filing date for pleadings prior to January 16, 1947.

The appearance docket shows that this action began with the filing of a petition on November 17, 1941.  The petition does not appear in the transcript, although an amended petition bearing a date in the verification form of the "____ day of October, 1941," is shown as the first pleading in the transcript.  We cannot reconcile this date with any date on the appearance docket.  This amended petition shows seven individuals named as parties defendant.  It contains allegations that they are officers, directors, and stockholders of the corporation.

On February 3, 1942, a demurrer was filed to whatever petition was then on file on the grounds that there was a defect of parties plaintiff and defendant, and that the petition did not state facts sufficient to constitute a cause of action.  This demurrer was sustained on all three grounds on July 21, 1942.

On June 30, 1942, plaintiff filed a demand on the defendants to produce the records and books of the corporation wherein the records of the names of stockholders and creditors were kept.  This demand contained a notice that unless complied with within four

days, a court order would be sought directing their production. The judge's notes show that on July 6, 1942, he sustained the motion and directed defendants to produce such records and books for inspection within ten days. On July 17, 1942, there was filed with the clerk of the court what is denominated in the bill of exceptions as the minute book of the corporation.

Plaintiff's attorney testified that prior to the filing of the minute book he did not know the name of the secretary of the corporation and that he determined it from the minute record; that he did not then undertake to secure a list of the stockholders from the secretary either by personal request or by court order or deposition; and that he advised defendants' attorneys that the minute book was not what he wanted and that he wanted the stock book.

No showing was made to the court of noncompliance with the order of July 6, 1942.

Plaintiff without following the matter further gleaned from the minute book the names of parties who appeared from it to be stockholders. On August 8, 1942, plaintiff filed its pleading denominated "Second Amended Petition" naming in the caption the original seven defendants, 30 other parties as individuals, and the Du Pont corporation, as defendants. In this petition it alleged, so far as material here, that the named defendants were "sole or part owners" of the stock of the corporation; that the plaintiff was unable to ascertain who were the stockholders; that it had on June 30, 1942, made demand upon the known stockholders for a disclosure of the records of who were the company's stockholders and creditors; that the demand was not complied with, other than the minute book of the corporation; and that to the best of its knowledge and belief the defendants are the owners and holders of the stock of the corporation. The Du Pont corporation filed an answer and cross-petition on May 10, 1943,

wherein similar allegations are made. No showing of service of process appears.

On October 25, 1943, 30 defendants (except the Du Pont corporation) demurred to the "petition" of the plaintiff, and 32 defendants demurred to the answer and cross-petition of the defendant Du Pont corporation, for the same reasons as given in the earlier demurrer. We find no ruling on these demurrers.

On March 29, 1943, the appearance docket shows the filing of an amended petition. We find no petition in the transcript that can be reconciled with that date.

On June 4, 1948, 32 defendants filed answers to the second amended petition and to the answer and cross-petition. These were general denials. On October 15, 1948, they filed amended answers in which they specifically denied that they were all the stockholders of the corporation, and alleged that all the stockholders had not been made parties defendant.

On October 26, 1948, the plaintiff had a subpoena issued directed to two of the defendants to appear as witnesses and to bring with them the books and records of the corporation, particularly the stock register and stock transfer records.

The cause went to trial on October 27, 1948. One of the defendants, who was served with the subpoena and who was secretary of the corporation at the time of its dissolution and one of the original seven defendants, as a witness for the plaintiff produced the stock register of the corporation containing the stock transactions of the corporation, and testified that he had never had a request from anyone for a list of the stockholders. The record shows that there were a large number of stockholders who are not parties defendant.

The case was continued until February 10, 1949, to enable the plaintiff to present additional evidence. On that date the court sustained the motions to dismiss, two of the grounds being that all the stockholders were not made defendants in the action; that all the defendants

named were not served by process, and that plaintiff's petition contained no allegation or statement that the defendants not served were nonresidents of the state or could not be reached by process.

Motions for a new trial were made and heard on May 5, 1949. On October 3, 1949, the court dismissed plaintiff's petition and cross-petitioner's cross-petition.

Appellants claim that they are excused from making other stockholders parties because of fraudulent concealment of the records which would disclose such stockholders, and that that is good and sufficient reason for such nonjoinder.

The defendants first by demurrer as early as February 3, 1942, raised the question that there was a defect of parties defendant as against the original petition or amended petition. They again raised that question by demurrer on October 25, 1943, as against the pleadings making the enlarged group of defendants parties to the action. They raised it finally by answer. It follows that at all times after February 3, 1942, plaintiff had notice of the claimed defect of parties defendant.

It appears that plaintiff knew that there had been a stock record, and that that record should contain the required information from which it could secure a list of stockholders so as to comply with the requirements of the law. It also appears that plaintiff, subsequent to the hearing at which the trial court on July 6, 1942, entered on its docket an order to produce records, took no action in court to secure a compliance with the order until it had a subpoena issued on October 27, 1948, at which time there was prompt compliance with the order. There is no showing that had earlier action been taken the same result would not have been had. It affirmatively appears that plaintiff knew on or about July 17, 1942, that the minute book was not the stock record and elected to proceed on the basis of information contained in the minute book, rather than undertake to compel the production of the stock record.

We see no merit in appellants' contention. There is no basis for a contention of fraudulent concealment or estoppel. Appellants have not shown good and sufficient reason for their failure to join all stockholders as defendants or serve process on all those joined.

Appellants further contend that under the provision of section 25-1267, R. R. S. 1943, they are entitled to a holding that they have in fact named all stockholders as defendants that it was possible to join. This statute was formerly section 8901, Comp. St. 1922. Appellants rely upon our holding in Sallander v. Prairie Life Ins. Co., 110 Neb. 332, 193 N. W. 737, that "When a party to an action has secured an order of court to produce a book, paper or document in the possession or control of the adverse party, as provided by section 8901, Comp. St. 1922, and the adverse party refuses to comply with such order, the proper practice is for the party desiring to use the book, paper or document in evidence to offer an affidavit setting forth the contents of such book, paper or document. It then becomes the duty of the court to instruct the jury to presume that the contents of the book, paper or document is such as the affidavit alleges it to be."

This argument proceeds upon the theory that the second amended petition contains allegations that bring it within the requirements of the statute and that the verified petition constitutes an affidavit.

The record of the trial court in all appellate proceedings imports absolute verity. Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222.

An affidavit is a written declaration under oath, made without notice to the adverse party. § 25-1241, R. R. S. 1943. We have held that an affidavit must bear upon its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. Sebesta v. Supreme Court of Honor, 77 Neb. 249, 109 N. W. 166.

We need examine the contention of the appellants no

further than to point out that there does not appear such a certificate on any of the petitions shown in the transcript.

We find no merit in appellants' contentions.

The judgment of the district court is affirmed.

AFFIRMED.