BERT GLENDORE WHEELER V. GEORGE E. BARKER ET AL.

FILED JUNE 3, 1897. NO. 8706.

1. **Ruling on Demurrer: WAIVER OF ERROR: REVIEW.** In general a plaintiff waives error in sustaining a demurrer to his petition by filing an amended petition. But when the amended petition has been stricken from the files because substantially the same as the original, he may, by proceedings in error, review the ruling of the court in striking the amended petition from the files.

2. ———: ———: ———: PRACTICE. In such case the court will first examine the amended petition to ascertain if it was substantially the same as the original. If not, it was error to strike it from the files. It will next ascertain whether the amended petition stated a cause of action. If so, the error was prejudicial to the plaintiff.

3. **Administration of Estates: DISTRIBUTION: PAYMENT TO COURT.** While it is the duty of an administrator to distribute funds in his possession in that capacity in pursuance of the orders of the county court, nevertheless the county court having general jurisdiction of the administration of the estate, an order thereof directing money to be paid into court, instead of to the distributee, is at most erroneous and not void.

4. ———: ———: ———: **LIABILITY OF COUNTY JUDGE.** Therefore, where a county judge orders an administrator to pay money into court and the latter does so and the county judge receives the money, it is on his part an official act and he is liable therefor upon his official bond.

5. **Abstract for Review.** In a case submitted under rule 2 on agreed printed abstract the court will not look beyond the abstract so agreed upon and presented. *Closson v. Roman,* 50 Neb., 323, followed.

ERROR from the district court of Douglas county. Tried below before FAWCETT, J. *Reversed.*

The opinion contains a statement of the case.

*Isaac Adams,* for plaintiff in error:

As courts of record having original and exclusive jurisdiction, county courts follow the practice and procedure of the common law, except as such practice or procedure is modified by statute. (4 Am. & Eng. Ency. Law, 452; 1 Freeman, Judgments, sec. 122; *Woodman v. Somerset,* 37 Me., 29; *Davis v. Hudson,* 29 Minn., 28; *Obert v. Hammel,* 18 N. J. Law, 73; *Brunson v. Burnett,* 2 Pinn. [Wis.], 185; *Sipperly v. Baucus,* 24 N. Y., 46; *Millard v. Harris,* 119 Ill., 185; *Schollenberger's Appeal,* 21 Pa. St., 341; *Shepard v. Clark,* 38 Ill. App., 66; *Seaman v. Duryea,* 11 N. Y., 324; *Wilson v. Coburn,* 55 Neb., 530.)

It has been the practice of courts of record of general jurisdiction to exercise their discretion in assuming the custody of trust funds wherever their jurisdiction over such funds was invoked. (2 Daniels, Chancery Practice [4th Am. ed.], ch. 40, p. 1770; *Blake v. Blake,* 2 S. & L. [Ir.], 26; *Hosac v. Rogers,* 6 Paige Ch. [N. Y.], 415.)

The regularity of the order cannot be attacked collaterally. (*Simpson v. Cook,* 24 Minn., 180.)

The record of a court of competent jurisdiction is not void on account of a mere error appearing by the record. (*Lewis v. Williams*, 54 Mo., 200; *Townsend v. Townsend*, 60 Mo., 246; *Shoemaker v. Brown*, 10 Kan., 383; *Merrick v. Kennedy*, 46 Neb., 264.)

In taking possession of the money the county judge acted in his ministerial capacity, and hence officially. (*In re Finks*, 41 Fed. Rep., 386; *Doogan v. Elliott*, 43 Ia., 342; *Wright v. Harris*, 31 Ia., 272; *McLoskey v. Reid*, 4 Brad. [N. Y.], 334.)

If the county judge obtained the money in question through failure to perform his official duties according to law, he is liable on his official bond. (*Merrick v. Kennedy*, 46 Neb., 264; *Fox v. Meacham*, 6 Neb., 530; *Rouss v. Wright*, 14 Neb., 457; *Smith v. Lovell*, 2 Mont., 332.)

*E. J. Cornish, contra:*

By filing an amended and substituted petition plaintiff waived any error, if any, in the ruling upon the demurrer to the original petition. (*Buck v. Reed*, 27 Neb., 67; *Singer Mfg. Co. v. McAllister*, 22 Neb., 359; *Dorrington v. Minnick*, 15 Neb., 397; *Harral v. Gray*, 10 Neb., 186; *Pottinger v. Garrison*, 3 Neb., 221; *Heman v. Glann*, 129 Mo., 325; *Dorsett v. Greencastle*, 40 N. E. Rep. [Ind.], 131; *Barrett v. Northwestern Mutual Life Ins. Co.*, 68 N. W. Rep. [Ia.], 906.)

Amended pleadings the same in substance as prior pleadings, to which a demurrer has been filed and sustained, may be stricken from the files on motion. (*Barrett v. Northwestern Mutual Life Ins. Co.*, 68 N. W. Rep. [Ia.], 906; *Heman v. Glann*, 129 Mo., 325.)

The money did not come into the hands of the county judge by virtue of his office. Sureties on an official bond are liable only for moneys coming into the possession of their principal by virtue of his office. (*Scott v. State*, 46 Ind., 203; *Dewey v. Kavanaugh*, 45 Neb., 233; *Kendall v. Aleshire*, 28 Neb., 707; *McCormick v. Thompson*, 10 Neb., 484; *Ottenstein v. Alpaugh*, 9 Neb., 237; *Huffman v. Kopplekom*, 8 Neb., 348; *Jenkins v. Lemonds*, 29 Ind., 294;

*Crane v. Bedwell,* 25 Miss., 507; *Mathews v. Montgomery,* 25 Miss., 150; *State v. Odom,* 86 N. Car., 432; *Hardin v. Carrico,* 3 Met. [Ky.], 289; *Schmitt v. Drouet,* 42 La., 1064; *Saltenberry v. Loucks,* 8 La., 95; *McKee v. Griffin,* 66 Ala., 211; *State v. Norwood,* 12 Md., 177; *State v. Rollins,* 29 Mo., 267; *State v. Davis,* 88 Mo., 585; *State v. Bonner,* 72 Mo., 387; *State v. McDonough,* 9 Mo. App., 63; *Gerber v. Ackley,* 37 Wis., 43; *San Jose v. Welch,* 65 Cal., 358; *Linch v. Litchfield,* 16 Ill. App., 612; *United States v. Adams,* 24 Fed. Rep., 348; *Ward v. Stahl,* 81 N. Y., 406; *People v. Pennock,* 60 N. Y., 421.)

IRVINE, C.

This was an action brought by Bert Glendore Wheeler, an infant, by her guardian, Isaac Adams, against James W. Eller, formerly county judge of Douglas county, and George E. Barker and William S. Rector, the sureties on his official bond. The sureties demurred to the original petition. The demurrer was sustained and an amended petition filed. The sureties then moved to strike the amended petition from the files for the reason, in brief, that it was substantially the same as the original petition. This motion was sustained, and the plaintiff electing not to plead further, a judgment of dismissal was entered. The plaintiff prosecutes error, assigning as error the sustaining of the demurrer to the original petition and the striking from the files of the amended petition.

The defendants in error contend that if the amended petition was substantially the same as the original, there was no error in striking it from the files, and that the court cannot review the order sustaining the demurrer to the original petition, because the error, if any, was waived by pleading over. It is no doubt true as a general principle that a party waives error in a ruling upon demurrer by pleading over. It is doubtful, however, whether such error is waived when the amended pleading has been stricken from the files, because in that case the party pleading has never had the benefit of his

amendment.   In support of the contention of the defend-
ants we are cited to *Barrett v. Northwestern Mutual Ins.
Co.*, 68 N. W. Rep. [Ia.], 906.   The court there applied
the rule whereby error is waived by pleading over to a
similar state of facts, but in that case there had been a
failure to assign as error the sustaining of the motion to
strike, and the intimation is that that assignment would
have been available.   We think the correct view is this:
That, having elected to plead over, the plaintiff cannot
now open up for review the order sustaining the de-
murrer, but having assigned as error the striking from
the files of the amended petition, she is entitled to have
that ruling reviewed.   If the amended petition differed
in any material respect from the original, there was error
in striking it from the files; but that error was not preju-
dicial unless the amended petition stated a cause of
action.

It is unnecessary to set out the two petitions at length.
The original was brief.   After alleging the election and
qualification of Eller as county judge, and properly
pleading the bond sued on, it proceeds: "That thereafter,
on the 29th day of March, 1892, one F. E. McMullen, as
administrator of the estate of Bert G. Wheeler, deceased,
the father of plaintiff herein, in pursuance of an order
theretofore made by said Eller as such county judge,
paid into said county court and to said Eller as such
county judge the sum of $1,935.92, which said money
constituted plaintiff's distributive share of her said de-
ceased father's estate, and that on the 23d day of May
thereafter said Eller as such county judge ordered said
sum of money so paid into court and in his possession to
be paid to the lawful guardian of said minor, thereafter
to be appointed by said court, upon the filing by such
guardian of his duly verified receipt therefor."   Then
follow allegations to the effect that on the 2d day of Jan-
uary, 1894, said court appointed Gust Hamel guardian of
the estate of the plaintiff; that Hamel qualified and filed
a duly verified receipt as required by the order pleaded,

and that subsequently Eller paid to Hamel $484.42; that the remainder, $1,451.50, is in the possession of Eller in his official capacity as judge, and that he refuses to pay it over to the guardian. It will be observed that in this petition the plaintiff confined herself very strictly to the pleading of ultimate facts, and did not, with regard to the estate of Bert G. Wheeler, deceased, allege that the county court of Douglas county was the court which appointed the administrator or had jurisdiction of the estate. For all that appears in the petition, McMullen might have been appointed administrator by another court, and might not have been in any way accountable to the county court of Douglas county, so that the orders pleaded may have been absolutely void. In the amended petition these averments are supplied, and this was in itself sufficient to give the amended petition standing as such and rendered it erroneous to strike it from the files because it was similar to the original. Moreover, the amended petition set forth at large the various orders and pleaded all the facts with greater detail. The rule requiring a pleader to state the ultimate facts, and not the evidence and not conclusions of law, is one always difficult of application; and within certain limits the pleader may for himself determine with what degree of detail he will plead the facts. There was, therefore, error in striking the amended petition from the files. Was the error prejudicial? In other words, did the amended petition state a cause of action against the defendants?

In brief, the amended petition shows that the estate of Bert G. Wheeler, deceased, was in process of administration through the county court of Douglas county; that on application of the administrator for a final settlement and discharge, the court found that all claims had been paid and that there remained in the hands of the administrator $3,934.94, to be applied first to the unpaid costs and expenses of administration, and the remainder to be distributed as might thereafter be decreed; and upon payment into court by the administrator of said sum the

administrator should be discharged; that the money was paid into court and the administrator discharged; that thereafter the court entered a further order finding that Ada Wheeler, the wife of the deceased, and Bert G. Wheeler, minor daughter, were the only heirs at law; and still later ordered distribution of the sum in court, after deducting unpaid costs, to Ada Wheeler, and "the lawful guardian of the said Bert G. Wheeler, who shall be appointed by this court," share and share alike; that Eller subsequently paid to the guardian of the plaintiff $484.42, but has failed and refused to pay the remainder. The matter urged in defense is that it is the duty of the administrator to distribute funds in his hands; that he has no authority to pay into court and that the county judge has no authority to receive funds, and that, the money not coming into the hands of Eller in his official capacity, these defendants are not liable upon his official bond. In the admirable briefs filed on either side it is agreed that this question depends upon the jurisdiction of the county court to make the order directing the administrator to pay the money into court. It is quite satisfactorily demonstrated, by reference to our statutes and adjudicated cases, that the proper and orderly course of administration requires the administrator to retain possession of the funds and distribute them in accordance with the court's orders. The question is not, however, whether the order upon the administrator was erroneous, but whether it was void. If it was void, the payment into court afforded no protection to the administrator, and the judge did not receive the money in his official capacity. If it was erroneous merely, it bound all parties until reversed, affording protection to the administrator against further liability, and the receipt of the money by the judge was an official act, performed by him in his ministerial capacity as clerk of his own court. We are not furnished by counsel with many citations to authorities directly in point; and the evident diligence with which the case has been briefed leads us to believe that

such authorities do not exist.    There are many cases
holding that payment to the wrong officer does not charge
him upon his bond; but these are cases where the law
fixed the manner of payment, and not where the court
had ordered the payment to be made.    Such a case was
*Fire Ass'n of Philadelphia v. Ruby*, 49 Neb., 584, and such,
also, the case of *Hardin v. Carrico*, 3 Met. [Ky.], 289.    In
the latter case there was an order directing that the
money be "deposited in court," and in pursuance of that
order it was paid to the clerk; but the court held that
money ordered paid into court should under the statutes
be paid to a receiver or to the sheriff, and not to the clerk,
so that the order did not direct the clerk to receive the
money.    Many similar cases are to be found.    *Scott v.
State*, 46 Ind., 203, is in point in favor of defendants.    In
that case the money had been ordered paid to the clerk,
and the court held that he was not liable upon his bond
therefor, because it was not his duty to receive money
from a guardian upon the latter's resigning his trust.
The opinion contains no reasoning, but cites *Jenkins v.
Lemonds*, 29 Ind., 294; *Crews v. Ross*, 44 Ind., 481; *State v.
Givan*, 45 Ind., 267.    In *Jenkins v. Lemonds* the money had
not been paid to the clerk in pursuance of an order of the
court, but in pursuance of a statute which had been
repealed.    In *State v. Givan* there had been no order di-
recting the payment of the money; while in *Crews v. Ross*
the holding merely was that the clerk had no right to
receive in payment of any costs, except his own, anything
but gold or silver or legal tender notes.    It will be seen,
therefore, that in *Scott v. State* the court, without examin-
ing the real question, followed supposed precedents with-
out observing the distinction between the former cases
and the one before it.    *Wright v. Harris*, 31 Ia., 272, and
*Doogan v. Elliot*, 43 Ia., 342, support the contention of the
plaintiff, although in the former case the right of the
judge to receive the money was traced through statutes
providing for enforcement of orders by execution, and in
this respect a distinction might be drawn.    In no case

where the court has considered the question can we find that an order directing the payment of money into court was held absolutely void because the statute contemplated a different method of distribution. In *Fire Ass'n v. Ruby, supra,* this court held that it is the duty of the sheriff selling lands under decree of foreclosure to distribute the proceeds of the sale to the persons entitled, and that he is not discharged from liability by paying the money to the clerk in the absence of an order of court so directing. (See, also, *Luce v. Foster,* 42 Neb., 818.) It is, however, intimated that the court may, in a proper case, order the proceeds brought into court for distribution. *In re Finks,* 41 Fed. Rep., 383, was an action on a clerk's bond. No statute authorized the clerk to receive the money, but it was held that he was liable because it had been received in pursuance of the established practice of the court, although unsupported by statute or general rule. There may be cases where the preservation of the fund would require such an order. The county court, within its constitutional and statutory jurisdiction, exercises powers not confined to those functions which formerly distinguished a court of law. It may proceed in pursuance of equitable principles. (*Wilson v. Coburn,* 35 Neb., 530; *Glade v. White,* 42 Neb., 336.) Such an exercise of equitable powers is especially required in probate cases. We do not wish, therefore, to be understood as deciding that an order directing an administrator to pay money into court for custody and distribution is necessarily erroneous; nor do we decide that question at all. We think clearly, however, that it is not void. The county court had general jurisdiction over the administrator and the settlement of the estate. It was the duty of the court to ascertain to whom the money should be distributed, and a direction to pay to the wrong party was a judicial error, and not an usurpation of jurisdiction. In *Merrick v. Kennedy,* 46 Neb., 264, NORVAL, J., said: "Had the executor obeyed the order and paid the money, most certainly he would have been protected by the direc-

tion of the county court, even though the money had been
ordered paid to a person who by law was not entitled to
the same." So here we think that the payment of the
money by the administrator in pursuance of an order
made by the proper probate court, in the orderly adminis-
tration of the estate, protected the administrator even
though it was erroneous; and that the receipt of the
money by the judge in his capacity as clerk in pursuance
of that order was an official act.

It is suggested in one of the briefs that there was a sub-
sequent proceeding in the district court which might
estop the plaintiff from prosecuting this proceeding. The
case was, however, submitted under rule 2, upon an
agreed printed abstract, in pursuance of a stipulation
that it is "a complete abstract of the record of this case."
This abstract shows no such proceeding, and we cannot
look beyond the abstract. (*Closson v. Rohman*, 50 Neb.,
323.) It follows that it was prejudicial error to strike
the amended petition from the files.

REVERSED AND REMANDED.