WILBUR S. BOURNE, RECEIVER, APPELLANT, V. HIRAM F. BAER ET AL., APPELLEES.

FILED NOVEMBER 26, 1921. No. 21634.

1. **Statutes: CONSTRUCTION: PENALTIES.** A liability which is created by statute to follow as a consequence of the doing or omission of some act required by law, the extent of which liability is not measured or limited by the damage caused by the act or omission, is in the nature of a penalty, the statute penal in its character, and the liability imposed by the statute is a penalty. *Kleckner v. Turk,* 45 Neb. 176.

2. **Limitation of Actions: ACTION TO ENFORCE PENALTY.** An action to enforce a liability imposed by statute, which is a penalty, must be brought within one year, as provided by section 7570, Rev. St. 1913.

3. **Corporations: LIABILITY OF STOCKHOLDERS.** A liability imposed by statute, which is incurred as a necessary consequence of becoming a stockholder in a corporation, partakes of the nature of a contract to which the stockholder assents, and such liability is contractual in its nature, and not a penalty.

4. **Limitation of Actions:** STATUTORY LIABILITIES. An action to enforce a liability created by statute, which is not penal, may be brought within four years from the time the cause of action accrues. Rev. St. 1913, 7568.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed in part, and reversed in part.*

*Hazlett, Jack & Laughlin,* for appellant.

*Kretsinger & Kretsinger* and *Sackett & Brewster,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

WELCH, District Judge.

Appellant, in September, 1919, commenced this action against all of the owners of stock in the Cortland Creamery Company, a corporation organized under the laws of the state of Nebraska, to recover from said stockholders their liability as such stockholders imposed by section 577, Rev. St. 1913, for failure of the corporation to publish notice annually of all its indebtedness.

The petition alleged that said corporation was organized in January, 1912, and from that date to March 4, 1915, transacted business as a corporation; that on the latter date it became insolvent and ceased doing business; that on March 18, 1916, said corporation was, by order of court, dissolved, the plaintiff herein appointed receiver to take charge of the assets of said corporation, sell the same, and distribute the funds of the corporation under the order of the court; that thereupon plaintiff qualified as such receiver and ever since has been so acting.

The petition also sets forth the names of all persons who ever owned stock in said corporation, with the respective amount of stock owned by each, and makes all stockholders then living, and the legal representatives of such as were deceased, defendants.

The petition also alleged that there were unpaid subscriptions for stock of the corporation by the defendant C. F. Luthey, in the sum of $100, by the defendant Rudolph A. Boesinger, $100, and by the defendant Sylvester Bonebright, $50.

The petition also alleges facts showing that on January 31, 1917, the court allowed all claims against said corporation, and entered judgment decreeing the several sums due from it to its several creditors, amounting in the aggregate to the sum of $4,397.25, which amount was all the obligations of the corporation, and that by September 17, 1917, all of the assets of said corporation had been sold under orders of the court; that the debts against said corporation, so allowed and decreed by the court, exhausted all of the proceeds of the sale of the assets of said corporation, and would leave a large amount of said indebtedness, to wit, more than $3,500, unpaid.

The petition further alleged that said corporation never at any time during its existence gave notice by publication of its existing indebtedness, and alleged all other facts necessary to state a cause of action based upon said section 577, Rev. St. 1913; provided, however, the facts above set forth, as alleged therein, do not show that the action is barred by the statute of limitations.

The defendant Klaas Slote answered, alleging, among other things, that plaintiff's cause of action did not accrue within one year next before filing said petition, and that said petition did not state facts sufficient to constitute a cause of action. All other defendants, except Henry Poppe, Sr., who was served with summons, and James A. Shell, summons for whom was returned "not found," demurred to the petition by general demurrers, and for defect of parties defendant.

The court found for the defendant Slote and dismissed the action as to him. The court sustained the demurrers by the other defendants, and plaintiff elected to stand

Bourne v. Baer.

upon his petition. Thereupon the court dismissed the action as to all defendants thereto.

By this petition two causes of action were sought to be stated: First. To recover from all the stockholders of said corporation their liability to the amount of capital stock owned, as provided by section 577, Rev. St. 1913, for failure of the corporation to give annual notice of its indebtedness. Second. To recover also from the defendants C. F. Luthey, Rudolph A. Boesinger, and Sylvester Bonebright their liability for unpaid subscriptions to the capital stock of said corporation.

In support of their demurrers, the appellees herein contend that the liability imposed by section 577, Rev. St. 1913, is a statutory penalty imposed on the stockholders of the corporation for failure of the corporation to perform a duty required by that section of the statute, and that therefore the action is barred by section 7570, Rev. St. 1913, at the expiration of one year from the time the indebtedness of said corporation is judicially determined and assets thereof exhausted. This court held in *Globe Publishing Co. v. State Bank,* 41 Neb. 175, that the liability imposed by the statute upon stockholders of a corporation for failure to give annual notice of its indebtedness was a penalty, and overruled *Howell v. Roberts,* 29 Neb. 483, and *Coy v. Jones,* 30 Neb. 798, holding otherwise. The plaintiff contends that by reason of the amendment of 1891, being our present section 577, Rev. St. 1913, the decision in *Globe Publishing Company v. State Bank, supra,* is not applicable, and that by this amendment the liability is made contractual in its nature. The amendment of 1891 in no manner changed the character of the liability imposed therein. The only changes made by the amendment are simply a limitation of the liability, to the amount of unpaid subscriptions for stock, and, in addition thereto, the amount of capital stock owned by such individuals, and postponement of the liability until the assets of the corporation were exhausted.

"A liability which is created by statute to follow as a consequence of the doing or omission of some act, and the extent of which is not measured or limited by the damage caused by the act or omission, is in the nature of a penalty and the statute penal in its character." *Kleckner v. Turk,* 45 Neb. 176.

The petition in the case at bar does not allege any facts tending to show that any creditors of the corporation were induced to extend credit to it or damaged by the failure of the corporation to publish notice of its indebtedness. The liability upon which appellant herein bases his cause of action comes, therefore, within definition of a penalty set forth in *Kleckner v. Turk, supra.*

A statutory liability incurred as a necessary consequence of becoming a stockholder in a corporation, and not as the consequence of doing or omitting some act specified in the statute, partakes of the nature of a contract to which the stockholder assents, and is not a penalty.

If said section 577 creates a liability contractual in its nature, then it creates a liability of stockholders in a corporation, extending and adding to their liability imposed by sections 4 and 7, art. XIb of the Constitution. It was held in *State v. German Savings Bank,* 50 Neb. 734, and *Van Pelt v. Gardner,* 54 Neb. 701, that these sections of the Constitution, "not only determines what the liability of a stockholder in a corporation, for the corporate debts thereof, shall be, but it limits this liability, and it is not within the power of the legislature to extend it." If, therefore, the statutory liability in question herein is, as contended by appellant, in the nature of a contract liability, then the statute creating it would be in conflict with said sections of the Constitution, and for that reason would be void. This court, however, holds in *Spear v. Olson,* 104 Neb. 139: "Section 577, Rev. St. 1913, is not in violation of section 4, art. XIb of the Constitution, providing for the liability of stockholders." From the opinion in that case, by Letton,

J., it appears that this court came to that conclusion because that section of the statute imposed upon the stockholders penal obligations for failure to comply with regulations affecting corporate duty prescribed by the statute.

Since this amendment of 1891, which appellant claims changed the character of the statutory liability in question, it has also been held by this court in *Singhaus v. Piper,* 103 Neb. 493, that "the liability of a stockholder in a corporation for failure of the corporation to publish notice of indebtedness required by section 577, Rev. St. 1913, is in the nature of a penalty for neglect of duty." The liability imposed upon stockholders by the statute for failure of the corporation to give annual notice of its indebtedness is a penalty, and an action therefore is therefore barred in one year, under the provisions of section 7570, Rev. St. 1913.

As to the liability of the defendants Luthey, Boesinger, and Bonebright on account of their unpaid stock subscriptions; while the liability therefor imposed by said section 577 of the statute is a penalty, section 4, art. XIb of our Constitution, also imposes a liability on stockholders of a corporation for unpaid subscriptions to the capital stock thereof. The liability imposed by this section of the Constitution is incurred as a necessary consequence of becoming a stockholder, and not by reason of doing or omitting some act required by statute. It, therefore, is contractual in its nature, and is not barred in one year, but is controlled by section 7568 of the statute, which bars an action for statutory liability in four years. This section of the Constitution is self-executing, does not require an act of the legislature to put the same into force, and is enforceable without special supplementary statutory enactments. *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353. The allegations of the petition are sufficient to sustain an action based on this section of the Constitution. The court, therefore, erred in sustaining the demurrers as to the defendants C. F. Luthey,

Bourne v. Baer.

Rudolph A. Boesinger, and Sylvester Bonebright.

Appellees herein argue that their demurrers for defect of parties defendant were good, for the reason that the defendant James A. Shell was not brought into court and is not shown to be a nonresident of the state. He was, however, made a defendant in the petition, and summons was issued for him and returned that he was not found. Section 7648, Rev. St. 1913, provides: "Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: * * * Second. If the action be against defendants, severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants." The liability imposed by section 577, Rev. St. 1913, is by that section made joint and several. The action, therefore, could proceed as to the defendants served, and this contention of the appellees is groundless, and there was no defect of parties defendant.

The sustaining of the demurrers and judgment of the lower court is therefore affirmed as to all defendants below, except said C. F. Luthey, Sylvester Bonebright, and Rudolph A. Boesinger. And the judgment, dismissing this action as to said defendants Luthey, Bonebright, and Boesinger, is reversed and this cause remanded for further proceedings, if desired by appellant, to enforce the alleged liability under said provision of the Constitution of said last-named defendants for unpaid subscriptions to the capital stock of said corporation.

JUDGMENT ACCORDINGLY.