OSCAR A. HOFFMAN, APPELLANT: IDA M. HOFFMAN ET AL., INTERVENERS, APPELLANTS, V. LEMUEL D. GEIGER ET AL., APPELLEES AND CROSS-APPELLEES: WHITEBREAST FUEL COMPANY ET AL., INTERVENERS, CROSS-APPELLANTS.

279 N. W. 350

FILED APRIL 29, 1938. NO. 30246.

644

*Arthur Balis*, for appellants.

*O. B. Clark*, for cross-appellants.

*Ralph S. Moseley, J. W. Kinsinger, Woods, Aitken & Aitken, John J. Ledwith, R. O. Williams, George Risser, William Niklaus, Field, Ricketts & Ricketts, Sterling Mutz, William Holt* and *McKillip & Barth*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

GOSS, C. J.

This is a suit to enforce liability against holders of stock in a failed corporation for failure to publish notice of indebtedness as required by section 24-213, Comp. St. 1929. It never reached the trial stage. To state the facts concisely is difficult because the transcript alone, on which the questions of law arise, consists of 386 pages.

The suit was begun by a petition in equity filed May 24, 1934, by Oscar A. Hoffman, alleging himself to be a creditor, for himself and for all other creditors similarly situated, of the Globe Delivery Company, a corporation, against stockholders of the Globe Delivery Company, on their statutory liability as such stockholders. The petition alleged that the corporation had been put through bankruptcy and had no funds or property except $5,176.33 with which to pay the proved and listed creditors $21,859.54, the debt due them. Plaintiff alleged that the debt due him was $2,867.29 and his dividend in the bankruptcy proceeding was $678.97, leaving a balance of $2,188.32 still due him; that plaintiff became a creditor on or about March 10, 1923, by accepting a series of notes, one of which fell due each month; that the company paid to apply upon plaintiff's

indebtedness from time to time so that on the 14th of March, 1934, the indebtedness was as above stated; that from August 2, 1919, up to the time the corporation was declared a bankrupt, it had failed to publish notice of its indebtedness and defendant stockholders had become jointly and severally liable for the debts of the corporation. Plaintiff prayed an accounting and recovery.

May 28, 1934, Ida M. Hoffman and Charles F. Hoffman filed their petition of intervention and set up their claims as creditors on the same grounds as plaintiff; that is, that they held notes of Globe Delivery Company.

Defendants moved to make the petition more definite and certain by stating the nature of the consideration given by Globe Delivery Company in exchange for the notes alleged to have been taken by plaintiff. Likewise defendants moved to make the petition of intervention, which had set up notes of Globe Delivery Company as the basis of the debt to interveners, more definite and certain. Both motions were sustained and, in his amended petition, plaintiff, and, in their amended petitions of intervention, Ida M. Hoffman and Charles F. Hoffman, pleaded that the considerations for the notes held by them had their inception in the purchase of stock of Globe Delivery Company in 1919. Both plaintiff and interveners exchanged this stock for notes of the company in 1923.

Defendants filed demurrers to the amended petition of plaintiff and to the amended petition of intervention on the ground that they did not state causes of action; and these demurrers were sustained.

Thereupon plaintiff filed his second amended petition in which he alleged that he brings this action for himself and all other creditors similarly situated, a list of whom he attaches; that between February 1 and June 1, 1919, he purchased 50 shares of the capital stock of Globe Delivery Company for $5,000; that the company used false representations and deceit to accomplish the sale and he did not discover that the representations were false until about March 10, 1923, whereupon the company admitted

the deceit and settled with plaintiff by taking back his stock and giving him $100 in money and 49 notes, each of like amount, of which 20 are unpaid; that there is due him $2,188.32, with interest from March 10, 1931. Likewise, Ida M. Hoffman filed a second amended petition in which she alleged that on May 18, 1919, August Hoffman was induced by false representations to purchase $2,500 or 50 shares of stock in Globe Delivery Company; that on August 20, 1920, the purchaser, who was her father, died, and she took the stock under his will and learned about February 1, 1923, of the fact of such misrepresentation; that she rescinded the sale of stock and demanded the $2,500 on or about February 1, 1923; that on or about the 10th of March, 1923, the company paid her $100 on account of said stock, accepted the certificates of stock, and gave her 24 notes of $100 each, upon which there is an unpaid balance of $1,102.23, with interest from March 10, 1931. Also, in his second amended petition Charles F. Hoffman alleged that he became a stockholder of Globe Delivery Company in 1919 to the extent of 50 shares and that about March 10, 1923, the company admitted false representations in its sale and gave him money and notes for the stock, on which notes there is due him $2,189.79, with interest from March 10, 1931.

Defendants demurred to these second amended petitions of plaintiff and of interveners and on January 14, 1936, the demurrers were sustained.

In December, 1936, plaintiff and interveners filed their third amended petitions, in which they entirely omitted to state ownership of the capital stock of the company during years when failure of the company to publish notice of indebtedness was the basis of penal liability to them and they all merely alleged the same amounts of indebtedness of the company as previously alleged in their original pleadings.

On March 30, 1937, defendants moved to strike from the files the third amended petitions of plaintiff and of interveners and to dismiss the action on grounds which

may be summarized as follows: (1) That these third amended petitions are in all respects substantially the same as the original petition and petition of intervention filed in May, 1934, to which the court sustained motions to make more definite and certain by requiring plaintiff and interveners to set forth the nature of the consideration for the alleged debts to the parties and that amended petitions filed later disclosed that the alleged debts grew out of their ownership of stock in Globe Delivery Company during the period when it was failing to publish notice of its debts; (2) that when the first amended petitions were filed by plaintiff and interveners, setting forth that plaintiff and interveners had been stockholders during the period when publication of debts had been omitted, demurrer of defendants thereto was sustained; (3) that when plaintiff and interveners by their second amended petition sought to justify their ownership of the stock and escape stockholder's liability thereon by alleging that they were induced to buy said stock and to hold it by fraud of Globe Delivery Company, demurrers were filed and sustained to those petitions; (4) that plaintiff and interveners did not stand on their pleadings, suffer a dismissal and appeal therefrom, but filed their third amended petitions, based substantially on the same grounds as their original petitions. These third amended petitions were stricken from the files and the causes of action dismissed by the court on motions of defendants. The motions were based on the ground that the pleadings were in contempt of court and to circumvent, evade and defeat prior orders and rulings of the district court in the cause.

Plaintiff Hoffman and interveners Hoffman appealed. They did not appeal from any prior rulings relating to their original petitions or to their first amended petitions or their second amended petitions, but from the action of the court in striking their third amended petitions from the files and dismissing their causes of action.

Appellants assign that the district court erred (1) in sustaining the demurrers of defendants to the second

amended petitions of appellants; (2) in striking from the files the third amended petitions of appellants; and (3) in dismissing the actions of appellants.

"In general a plaintiff waives error in sustaining a demurrer to his petition by filing an amended petition." *Wheeler v. Barker,* 51 Neb. 846, 71 N. W. 750. So this is authoritative precedent for the error alleged in sustaining the demurrer to the second amended petition. By pleading over and setting up a cause of action in their third amended petitions, plaintiff and interveners waived any possibility of asserting error in the sustaining by the district court of a demurrer to their second amended petitions. If that is what they wanted to do they should have stood on their second amended petitions and, by refusing to plead further, it would have been the duty of the district court then to dismiss their petitions and thereby to cause a final order to be entered from which they could have appealed. But, instead of thus obtaining a final order from which they might appeal, they waived that chance by pleading over. This answers in the negative the first assignment of error.

The liability of a stockholder for the debts of a corporation following a failure to publish annually the existing debts of a corporation, as required by section 24-213, Comp. St. 1929, is penal in its nature and will be strictly construed. *Thomas v. Scoutt,* 115 Neb. 848, 215 N. W. 140; *Bourne v. Baer,* 107 Neb. 255, 185 N. W. 408; *Singhaus v. Piper,* 103 Neb. 493, 172 N. W. 523; *Kleckner v. Turk,* 45 Neb. 176, 63 N. W. 469.

In their amended petitions plaintiff and interveners had disclosed that from 1919 to 1923 they held stock in Globe Delivery Company. During that period some, at least, of the indebtedness of the company was incurred. In *Singhaus v. Piper, supra,* the law, as declared in the first point of the syllabus, is as follows:

"The liability of a stockholder in a corporation for failure of the corporation to publish notice of indebtedness required by section 577, Rev. St. 1913 (now section 24-213, Comp. St. 1929) is in the nature of a penalty for neglect of

duty. One stockholder, who is equally in fault in that regard with all other stockholders, cannot maintain such action, as creditor of the corporation, against the other stockholders."

It was probably on account of that fact, pleaded by plaintiff and interveners in their first amended petitions, that the district court sustained demurrers to those petitions. That fact once disclosed to the court on solemn oath of plaintiff and interveners could not be forgotten or overlooked by the court when the same parties later filed their third amended petitions. The demurrers of defendants searched the whole record.

So, when the court was considering the evasive and concealing manner in which plaintiff and these interveners sought to circumvent prior rulings of the court in their third amended petitions, it held that those petitions should be stricken from the record. The district court found authoritative precedent in this court for dismissing the petitions of plaintiff and interveners in *Ferson v. Armour & Co.*, 109 Neb. 648, 192 N. W. 125, where we said:

"A court of general jurisdiction has inherent power to protect itself, litigants and the public from vexatious proceedings by dismissing with prejudice suits instituted by plaintiffs who repeatedly violate the rules of pleading and the orders relating thereto, after having had a full opportunity to present litigable controversies in proper form."

What we have said disposes of the appeal of plaintiff and interveners. We turn now to the creditor-appellants.

The petitions of the plaintiff Hoffman and of the interveners Hoffman alleged that they were suing for themselves and all similarly situated. In that respect they set out the names of 43 creditors, other than themselves, and the amounts for which claims in favor of those creditors had been respectively adjudicated in the bankruptcy proceedings. Nine of these creditors, who were pure creditors, and had not been stockholders of Globe Delivery Company (as the Hoffmans had), with leave of court, intervened on April 10, 1935. Each pleaded its claim, set forth the lists

of stockholders and of creditors and prayed for an accounting and decree, very much as the Hoffmans had done.

These nine petitions of intervention were demurred to on the ground that they showed on their faces that they were barred by the statute of limitations. The demurrers were sustained and these nine creditors filed amended petitions on May 1, 1936. There was filed a motion to strike these amended petitions from the files and it was sustained. Then these creditor-interveners asked leave to file second amended petitions, which applications were denied April 27, 1937, to which the parties excepted. In the same order, third amended petitions of plaintiff Hoffman and of interveners Hoffman were stricken and they elected to stand on their pleadings, and on the same day filed written notice of appeal.

These creditor-interveners designate themselves as cross-appellants, and the substance of their assignments of error is that the court erred in striking their amended petitions from the files and in dismissing their causes of action.

We are not favored with any expression from the trial court as to the reason for not leaving these "pure creditors" in the case. None of them are shown to have ever been stockholders and therefore estopped to sue the stockholders on their stockholder's liability. Each of these interveners was apparently in the case in good faith. Each had filed a petition in intervention rather fully setting forth what was intended to be a statement of the facts entitling him to recover from the stockholder defendants. If he had a right to be and continue in the case, and if he had not stated properly a cause of action in his amended petition, it would seem that he had a right to file a second amended petition, which was denied him.

The first reason assigned by the brief of appellees arguing that we have no jurisdiction over the subject-matter of the case of these nine creditors is that no proper precipe has been filed so as to appeal for them to this court. The precipe filed in this court in the title describes the interveners as such, but in the connected directions to the clerk

he is advised to list the Hoffmans as appellants and these nine interveners as cross-appellants. Only the one præcipe was filed for all parties. It is elaborately argued that this is not in accordance with the various provisions of rule 7 of this court. We think the argument is very technical. All parties well understood that these nine interveners were appealing. We think they perfected their appeal by the filing of the transcript and præcipe and that we have jurisdiction of their appeal under the provision of the rule which says that "coparties of appellants may join in the appeal or take cross-appeal." The præcipe described these interveners as "cross-appellants." In the circumstances we are of the opinion this court has acquired jurisdiction of their features of the controversy.

Section 20-328, Comp. St. 1929, provided the right to these parties to intervene. They had a vital interest in the matter in litigation, which was the recovery of stockholders' liability for failure to publish debts of the corporation, from year to year, when they as creditors were extending credit and the debts to them had not been paid by the corporation. They had the right to a trial of the issues on the facts. Of this the record before us indicates they have been deprived.

While appellees have not argued that the statute of limitations has run against the creditor-interveners so as to prevent their actions to enforce stockholders' double liability under section 24-213, Comp. St. 1929, it may be desirable to make brief mention of that subject here. The point was carefully considered by the circuit court of appeals in an appeal from the district court of the United States for the district of Nebraska, and the statute was carefully analyzed, in a case very similar to the one at bar. The court considered the meaning of the words "first exhausted" and held: "As regards limitation for suing under stockholders' double liability statute, corporate assets in course of administration before receiver, on assignment for benefit of creditors, or in bankruptcy, are not 'exhausted' until final dividend is paid to creditors and fact

judicially determined (Comp. St. Neb. 1922, sec. 470)."
*Hansen v. Welch, Cook, Beals Co.,* 49 Fed. (2d) 576.

Without taking further space, we think the conclusion of that court of such high authority is sufficient to hold that the statute of limitations has not run in the case at bar. For, as shown in the statement of facts, the petitions of creditor-interveners were filed by them here within a very short time after the bankruptcy dividends were declared and shortly after the dividends were paid to these respective creditors.

We have contented ourselves by discussing the vital matters suggested by the briefs of appellees, and are of the opinion the case should be sent back to be tried on the nine petitions of these creditors, subject to the rules discussed in the opinion.

We affirm the judgment of the district court as to Hoffman, plaintiff, and interveners Hoffman, and reverse the judgment and remand the cause for further proceedings as to the other nine creditor-interveners, in accordance with this opinion.

AFFIRMED IN PART AND REVERSED IN PART.