OSCAR A. HOFFMAN, APPELLANT: IDA M. HOFFMAN. ET AL., INTERVENERS, APPELLANTS, V. LEMUEL D. GEIGER ET AL., APPELLEES AND CROSS-APPELLEES : WHITEBREAST FUEL COMPANY ET AL., INTERVENERS, CROSS-APPELLANTS.

281 N. W. 625

FILED OCTOBER 11, 1938. No. 30246.

*Arthur Balis,* for appellants.

*O. B. Clark,* for cross-appellants.

*Ralph S. Moseley, J. W. Kinsinger, Woods, Aitken & Aitken, John J. Ledwith, R. O. Williams, George Risser, William Niklaus, Field, Ricketts & Ricketts, Sterling Mutz, William Holt* and *McKillip & Barth, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, C. J.

The litigation in this case was commenced by Oscar A. Hoffman, plaintiff, against Lemuel D. Geiger and others as stockholders of the Globe Delivery Company, an insolvent corporation, to enforce an alleged liability created by statute for failure of the corporation to publish notice of corporate debts. Comp. St. 1929, sec. 24-213.

Plaintiff stated in his petition that the suit was brought on behalf of himself and all other creditors similarly situated. The amount of his claim was $2,867.29, reduced by dividends of $678.97 in bankruptcy to $2,188.32. He stated further that listed, enumerated and proved claims of creditors aggregated $21,859.54, and that there were no funds or property for payment of debts except $5,176.33. The petition was filed May 24, 1934. Ida M. Hoffman and

Charles F. Hoffman intervened as additional plaintiffs and presented claims similar to that of Oscar A. Hoffman, the original plaintiff, and pleaded they were suing also on behalf of other creditors similarly situated. The petition and amended petitions of the three Hoffmans were assailed by motions and by demurrers of defendants. All of the Hoffmans had been stockholders of the bankrupt corporation when defaults in the giving of notice occurred.

Nine creditors, not stockholders of the corporation, intervened April 10, 1935, and each pleaded a claim for a debt of the corporation and liability of the stockholders therefor on the ground that notice of corporate debts had not been published pursuant to law.

A statement of the case appears at greater length in a former opinion. *Hoffman v. Geiger,* 134 Neb. 643, 279 N. W. 350. The district court sustained demurrers to petitions and to amended petitions of the Hoffmans and to petitions of the nine intervening creditors who had not been stockholders. Dismissal of the entire proceeding followed. On appeal the Hoffmans were designated as "appellants" and the intervening nine other creditors, who were not stockholders, as "cross-appellants." Upon a review of the record, the dismissal of appellants' case was affirmed and that of cross-appellants reversed. *Hoffman v. Geiger,* 134 Neb. 643, 279 N. W. 350.

On motion by defendants for a rehearing in the supreme court, adverse parties were permitted to argue the proposition that the claim of cross-appellants is barred by the one-year statute of limitations, and that consequently the dismissal of the entire proceeding should have been affirmed. A conclusion in the affirmative has been reached after further arguments in the briefs and at the bar and after reexamination of the pleadings and the law applicable to them.

The liability of a stockholder for corporate debts, if the corporation fails to publish annual notice of them, is created by statute. Comp. St. 1929, sec. 24-213.

A civil suit to enforce liability of stockholders for failure

of the corporation to publish notice of its debts is in its nature an action to recover a penalty for nonperformance of a statutory duty. *Bourne v. Baer*, 107 Neb. 255, 185 N. W. 408.

A civil action to recover a statutory penalty must be commenced within a year after the cause of action accrued in favor of plaintiff. Comp. St. 1929, secs. 20-201, 20-208. See *Bourne v. Baer*, 107 Neb. 255, 185 N. W. 408.

The liability of stockholders for the penalties arising from failure to publish notice of corporate debts does not accrue under the statute until "after the assets of the corporation are first exhausted." Comp. St. 1929, sec. 24-213.

The following propositions are stated and vigorously argued by counsel for cross-appellants, the nine intervening creditors who are not stockholders:

"As it appears from the allegations of the original petitions of interveners that the assets of the bankrupt were not exhausted and a judicial determination of that fact was not made until April 14, 1934, the petitions filed April 10, 1935, were filed less than one year after the cause of action accrued. * * *

"The action having been begun by plaintiff for himself and on behalf of all other creditors, including interveners, on May 24, 1934, less than three months after appellees contend the cause of action accrued, the filing of plaintiff's petition inured to the benefit of interveners, and even though interveners had not filed their petitions until the period allowed by statute had elapsed they would not have been barred by statute from recovery."

There seem to be fallacies in the argument on these propositions. A stockholder who is a creditor of the corporation cannot maintain an action against the other stockholders to recover penalties imposed by statute for a failure to publish notice of corporate debts, where his own liability for breach of corporate duty in respect to such notice is the same as that of other stockholders summoned as defendants. *Singhaus v. Piper*, 103 Neb. 493, 172 N. W. 523.

The petitions of the Hoffmans who alleged they sued for

all other creditors similarly situated did not inure to the benefit of cross-appellants to prevent the bar of the statute, because the two classes of creditors in litigation were not similarly situated. The Hoffmans were stockholders when the corporation failed to publish statutory notice of its debts and could not maintain their action, because they were chargeable with the same liability as the stockholders whom they sued. The district court properly sustained demurrers to their petitions, to their amended petitions, struck their pleadings from the files and dismissed their suits and proceedings. The dismissal as to them was properly affirmed on appeal and is not now open to controversy.

As already stated, the cross-appellants, the nine intervening creditors, were in a class different from that of the Hoffmans. The futile pleas of the latter to litigate for others were not permanently adopted by cross-appellants who were not handicapped as stockholders liable for corporate debts. By intervening and demanding independent relief, they disavowed the pleas of the Hoffmans in their behalf. They did not borrow from the pleas of other litigants immunity from the statute of limitations. The date on which the first petitions were filed and the allegation therein that the action was brought by the petitioners for the benefit of other creditors similarly situated did not inure to the benefit of cross-appellants in a different situation. In this view of the pleadings there is nothing on the face of the record to keep the claim of cross-appellants alive more than a year after their cause of action accrued.

Cross-appellants contend further that they presented their claim in court less than a year after their cause of action accrued, since, as they argue, it did not accrue until after the property and assets of the bankrupt corporation were exhausted and the proceeds thereof applied to adjudicated claims of creditors.

The word "exhausted," as used in the statute imposing penalties for failure to publish notice of corporate debts, refers to "assets of the corporation," and does not necessarily mean in addition the exhausting of the entire pro-

ceeds of the sale of the assets and also application thereof to corporate debts. *Bourne v. Baer*, 107 Neb. 255, 185 N. W. 408. Approving the ruling in the *Bourne* case as sound, the petitions of cross-appellants herein show on their face that the assets of the insolvent corporation were judicially exhausted by sale and that the court of bankruptcy ordered distribution of the proceeds to allowed claims of creditors as early as March 24, 1934. Cross-appellants then knew the nature and amount of their claims against the stockholders, but did not file their petitions until April 10, 1935, more than a year after the cause of action accrued.

The ruling in *Bourne v. Baer*, 107 Neb. 255, 185 N. W. 408, was binding on federal courts, but seems to have been overlooked in *Hansen v. Welch, Cook, Beals Co.*, 49 Fed. (2d) 576, holding that assets are not exhausted until the final dividend is paid to creditors and that fact judicially determined. The opinion in the *Bourne* case seems to contain a proper interpretation of the Nebraska statute in relation to the exhausting of assets of insolvent corporations and there is no sufficient reason for a departure therefrom in the present case. It follows that the former opinion herein, in so far as it directs a reversal of the judgment of the district court, is erroneous. To that extent it is overruled, the reversal set aside and the judgment below affirmed in its entirety.

JUDGMENT ACCORDINGLY.