IRA N. CLARK ET AL., APPELLANTS, V. LINCOLN LIBERTY LIFE
INSURANCE COMPANY ET AL., APPELLEES.

296 N. W. 449

FILED FEBRUARY 14, 1941.   No. 30923.

*Loren H. Laughlin* and *Edward T. Gardner,* for appellants.

*Clinton J. Campbell, contra.*

*C. Petrus Peterson, J. W. Kinsinger, William M. Holt, H. J. Requartte* and *James A. Doyle, amici curiæ.*

Heard before EBERLY, PAINE, MESSMORE and YEAGER, JJ., and MUNDAY, District Judge.

YEAGER, J.

This is an action instituted in the district court for Lancaster county, Nebraska, by Ira N. Clark, June Cora Hill, James William Rolls and Freida C. Selander, plaintiffs and appellants, in their own behalf and in behalf of all others similarly situated, against the Lincoln Liberty Life Insurance Company, a corporation, Ira C. Crook, Harold L. Schwenker, George L. Towne, Joseph Albin and Ralph C. Lawrence, defendants.

The plaintiffs, in a lengthy amended petition, the gist of which will be set forth herein, alleged that the Lincoln Liberty Life Insurance Company is a life insurance corporation organized on April 16, 1919, under the laws of Nebraska as a stock company and has been since said date conducting a' life insurance business and as such writes both participating and nonparticipating policies of life insurance; that the other defendants are, and have been since

its organization, the managing and controlling directors and officers of the company; and that the defendants are trustees for the plaintiffs, who are participating policyholders, and for all of the other participating policyholders, of all of the surplus, earnings and accumulations arising from the participating business of the defendant company. It is alleged the defendant company on given dates between April 14, 1924, and October, 1928, issued to each of plaintiffs a participating policy or policies of insurance of one type or another; that all of said policies were in full force and effect at the date of the commencement of this action on the books and records of the defendant company except that of the plaintiff James William Rolls, whose policy was lapsed by the defendant company by reason of nonpayment of the annual premium which was due July 25, 1937. In this connection it is claimed by the plaintiffs that the policy of Rolls would not have lapsed had there been credited to it a proper apportionment of the surplus from the participating business of the defendant company.

It is further alleged that in violation of the statutes of the state and the obligation of the policies of insurance held by plaintiffs and all others similarly situated the defendants have failed, neglected and refused to keep in separate accounts the participating and nonparticipating insurance business of the defendant company, and have failed to submit to the department of insurance separate reports of the said two kinds and classes of insurance, and that they have transferred large sums of money from the participating business to the nonparticipating business with the intention of cheating and defrauding the plaintiffs and the others similarly situated, thus withholding earnings and accumulations in which plaintiffs and the others similarly situated were entitled to participate, all to the end that plaintiffs are unable to ascertain the exact conditions of the two classes of business and of the exact amount of money which has been transferred from the participating to the nonparticipating business.

It is further alleged that a conspiracy exists between the

defendants Crook, Albin, Schwenker, Towne and Lawrence as managing and controlling directors and officers of the defendant company to carry out the foregoing claimed illegal acts of the company and, in furtherance of such conspiracy, the said defendants have illegally withdrawn about $650,000 which has been allocated "special funds and thrift," about $150,000 which has been allocated to "fluctuation reserves," and an additional $350,000 has been withdrawn from time to time with no explanation and in such manner that it cannot be traced or its use determined without an examination of the books of the defendant company.

It is further alleged that the surplus and earnings from the participating business of the defendant company belong to the participating policyholders in equitable proportions, and that as to the participating business the defendant company is subject to the laws of the state governing mutual life insurance companies.

It is further alleged that the defendant company is solvent and able to afford the relief prayed, and that there is no need for a receiver.

It is further alleged that no demands have been made on the defendant company, for the reason that such demands would be of no avail and futile; also that plaintiffs have but recently discovered the alleged wrongful acts of the defendants, and that a complete examination and investigation of the books and records of the company is necessary to a complete disclosure of all of the facts and circumstances relative to the business transactions of the defendant company and the exact extent of misapplication of the resources properly belonging to the plaintiffs and the other participating policyholders.

It is further alleged that plaintiffs have no adequate remedy at law, for the reason that the department of insurance is not a court, possesses no judicial powers to render relief prayed for against the defendants; that the department of insurance has no power to authorize the plaintiffs to examine the books and records of the defendant company; that the department of insurance has no power to render a

binding judgment or decree as between the plaintiffs and defendants and is so constituted in law and in fact as to render it impossible for the plaintiffs to obtain a just and equitable accounting from the defendants; and that a court of equity has full, complete and original jurisdiction over the cause of action set forth in the petition.

The plaintiffs in their prayer in substance ask that the defendant company be ordered to submit full and complete reports of its participating and nonparticipating business in separate reports for each year it has been in business; that it be ordered to separate entirely its participating and nonparticipating business and the earnings, surplus and accumulations of each class of business; that the company submit its books and records to a complete examination by the plaintiffs; that all the surplus and accumulations of the participating business of the defendant company be adjudged to be for the use of and distribution to the participating policyholders, and that on an accounting the determined surplus shall be ordered paid out and distributed to the participating policyholders; that the defendants be enjoined from transferring surplus arising from the participating business to the nonparticipating business or to the stockholders and from withholding the surplus of the participating business from the participating policyholders; that the defendants Ira C. Crook, Harold L. Schwenker, George L. Towne, Joseph Albin and Ralph C. Lawrence be ordered to pay to the defendant company all losses or damages that it has sustained by reason of their unlawful acts, and for other equitable relief.

An original petition was filed in the case containing substantially all of the allegations of the amended petition except that it did not contain the paragraph alleging that plaintiffs did not have an adequate remedy at law.

To the original petition the defendant company separately demurred and the other defendants joined in a separate demurrer. The grounds of demurrer were the same. The demurrer of the defendant company was sustained and plaintiffs were granted leave to file an amended petition,

with which leave they complied. As already indicated, the amended petition contained only the additional paragraph alleging that plaintiffs did not have an adequate remedy at law. The defendants in separate demurrers in the same manner and substance as to the original petition demurred to the amended petition without previously having interposed any objection as to kind, character or substance of the amended petition. The demurrers set forth ten grounds of demurrer.

The demurrer of the defendant company was sustained generally, but the demurrer of the other defendants remains undisposed of in the district court, and we have no further concern with it in this case. In the light of this situation, henceforth in our discussion the plaintiffs will be referred to as appellants and the defendant company as the appellee.

To reverse the ruling of the district court in sustaining the demurrer of the appellee to their amended petition on which they elected to stand, the appellants have prosecuted this appeal.

Before proceeding to a discussion of the merits of the amended petition, a technical objection to the right of the court now to consider the case will be disposed of. Appellee contends that, since the amended petition is identical with the original petition except as to one paragraph, the ruling on the demurrer to the original petition not having been appealed from was a bar to the right of the district court to rule on the demurrer to the amended petition except as to the added paragraph and in consequence a bar to the right of this court in the same particulars.

This position of the appellee cannot be sustained on the record presented. No objection to the proceedings as had appears in the records of the district court, and objection not having been there presented and properly brought here for review, and being a matter of pure technicality relating to procedural rule, cannot be presented in this court. *Yates v. Jones Nat. Bank*, 74 Neb. 734, 105 N. W. 287; *Trainor v. Maverick Loan & Trust Co.*, 92 Neb. 821, 139 N. W. 666.

There can be no doubt that certain technical rules are advisable and necessary to orderly and expeditious legal processes, but to obtain the advantages offered by them proper and timely advantage must be taken. No motion to strike or other proper objection having been made, this contention of the appellee cannot now be considered. *Wheeler v. Barker*, 51 Neb. 846, 71 N. W. 750; *Loghry v. Fillmore County*, 75 Neb. 158, 106 N. W. 170; *Hoffman v. Geiger*, 134 Neb. 643, 279 N. W. 350.

As has been indicated, ten separate grounds of demurrer were enumerated, but, outside of the technical ground already discussed, two points were stressed. The first and main point stressed was that, the plaintiffs not having presented the alleged irregularity on the part of the appellee and the other defendants to the department of insurance, this action cannot be maintained in the district court. In other words, appellee insists that the department of insurance is a quasi judicial body or agency to whose jurisdiction the plaintiffs must submit the subject-matter set forth in the amended petition and there have the controversy determined, and if an adverse ruling is had, then take an appeal to the district court, or if having submitted the matter to the department of insurance with a failure to act, then they may have direct action in the district court with such failure to act as condition precedent to the commencement of direct action in the district court.

On this proposition the finding and judgment of the district court were in favor of the appellee and the demurrer of the appellee was sustained.

In order to have a proper determination of this matter, it appears necessary to set forth here the derivations of the insurance department and the district court, their jurisdiction and their constitutional and statutory functions. The district court is a creation of the Constitution as is also its common-law and equity power and jurisdiction. This power and jurisdiction are not limited by terminology and, further, the terminology does not admit of legislative limitation, but only of legislative extension. Const. art. V, sec. 9;

*Matteson v. Creighton University,* 105 Neb. 219, 179 N. W. 1009; *Lacey v. Zeigler,* 98 Neb. 380, 152 N. W. 792.

The insurance department, or as it was originally termed in the statutes, the department of trade and commerce, on the other hand, is not an agency created by the Constitution. Its existence, however, may be traced to the Constitution. By the terms of section 1, art. IV of the Constitution, the legislature was empowered to establish, in addition to named executive officers, such other executive departments as might be required. Section 1, art. XII of the Constitution, requires that the legislature shall provide by general law for the organization, regulation, supervision and general control of all corporations, and for the organization, supervision and general control of mutual and co-operative companies and associations, and that by such legislation the mutuality and cooperative features and functions of mutual and cooperative companies shall be insured.

Pursuant then to constitutional authority, in general terms expressed, the insurance code came into being, the design of which was to set up an executive department of the state government clothed with power to supervise and control the business of insurance in Nebraska and of local insurance companies and associations, and foreign companies and associations doing business within the state, within the supervisory limits fixed by the code. The powers of supervision and control were lodged in the department of trade and commerce and are contained in section 44-201, Comp. St. 1929. It is a portion of this section which appellee relies upon to sustain its contention that the district court was without jurisdiction to entertain the action of the plaintiffs herein, and that the insurance department has original and exclusive jurisdiction and quasi judicial power to determine the controversy set forth in the amended petition herein. The specific powers conferred are the following:

"The department of trade and commerce shall have general supervision, control and regulation of insurance companies, associations and societies and the business of in-

surance in Nebraska, including companies in process of organization. It shall have power to make all needful rules and regulations for the purpose of carrying out the true spirit and meaning of this enactment and all laws relating to the business of insurance, and to that end, may authorize and empower an assistant or employee to do any and all things that it may do, and on its behalf, and it shall see that all laws respecting insurance companies, are faithfully executed. It shall issue all certificates and licenses as provided for herein. Before granting certificates of authority to any insurance company to issue policies or make contracts of insurance in this state, it shall be satisfied by such examination as it may cause to be made, or such evidence as it may require, that such company is duly qualified under the laws of this state to transact business herein. It shall require every domestic insurance company to keep its books, records, accounts and vouchers in such manner that it may readily verify its annual statement and ascertain whether the company is solvent and has complied with the law. It shall cause to be examined, each domestic company at least once every three years, and cause to be thoroughly inspected and examined its affairs to ascertain its true financial condition, its ability to meet and to fulfil its obligation, whether it has complied with the provisions of the law, and all other facts that may be required relating to its business, methods and management, and its dealings with its policyholders. Whenever it deems it advisable, it shall cause a complete audit of the books and accounts of the company to be made by a disinterested expert accountant. When it deems it prudent for the protection of policyholders in this state, it shall, in like manner, cause to be visited and examined any insurance company incorporated or organized in any other state or country applying for admission, or already admitted to do business in this state."

The remainder of the section deals with methods of accomplishment of purposes, rather than with an outline of statutory purposes.

The next section of the code (Comp. St. 1929, sec. 44-202)

relates to steps to be taken by the department of insurance in case of impairment of capital stock of a stock company, with which this case is not concerned except that it is claimed that the appellee is a stock company engaged in the business of writing nonparticipating and participating insurance and that the stock insurance department or division has profited at the expense of the participating or mutual department or division.

The following section (Comp. St. 1929, sec. 44-203) relates to steps to be taken by the department in case of impairment of assets and resources of any domestic mutual insurance company. This section is directly applicable to the claimed cause of action set forth in the amended petition, since the allegations are that there has been an impairment of the assets and resources of the participating or mutual business of the appellee and the laws of the state require that such business shall be kept separate from the other business.

It will be seen at this point that section 44-201, *supra*, is definitive of power and in addition is remedial as an aid to discovery in investigation by the department. Sections 44-202 and 44-203, *supra*, are remedial in that they provide the first steps toward replacement where impairment of capital stock of stock companies or where impairment of assets and resources of mutual companies has taken place. For completion of remedy by the insurance department in these respects and for full remedy against insurance companies for all other violations of the code and laws governing insurance and the needful rules and regulations of the department, recourse must be had to sections 44-204 and 44-205, Comp. St. 1929.

An examination of section 44-204, *supra*, discloses that the only remedy or relief contemplated therein is that in case of insolvency of a domestic insurance company, or that it has refused to submit to reasonable inspection and examination, or has neglected or refused to observe an order of the department of trade and commerce, or to make good within the time prescribed by law any deficiency when im-

pairment has taken place, or it has by contract of reinsurance, or otherwise, transferred or attempted to transfer or merge substantially its entire property or business without first having obtained written approval of the department of trade and commerce, or is found after an examination to be in such condition that its further transaction of business would be hazardous to its policyholders, or its creditors, or to its stockholders, or to the public, or has wilfully violated its articles of incorporation or association or any law of this state, or whenever any trustee, director, manager or officer thereof has refused to be examined under oath touching its affairs, the department of trade and commerce may apply to the district court, or any judge thereof, in the county or judicial district in which the principal office of such company is located, for an order directing such company to show cause why the department of trade and commerce should not take possession of the property, records and effects of the company, and conduct or close its business, and for such other relief as the nature of the case and the interest of its policyholders, creditors, stockholders or the public may require. It becomes clearly apparent that under this section no power of adjudication or quasi adjudication is conferred on the department of insurance, but only the right to institute legal action in the district court to have determined the question of whether or not the department shall have the right to take over and conduct or liquidate the affairs of the company.

Turning now to section 44-205, Comp. St. 1929, we find that this section supplements section 44-204, *supra.* This section is ambiguous in that it is not possible to determine whether the legislature, when it referred to a hearing, had in contemplation the hearing provided for in section 44-204, *supra,* or one conducted by the department. However that be, the section provides only, and disconnected from anything else in the code, that, whenever any of the grounds mentioned in section 44-204, *supra,* are shown to exist after hearing upon notice to the company as to a domestic company, the department of trade and commerce may revoke

the certificate of authority of such company to do business, instead of applying to the court, which order shall be subject to review within 40 days thereafter in the district court.

There is just one other section of the insurance code having a bearing on the question of remedy against or available to insurance companies. It is section 44-1116, Comp. St. 1929, which provides that any person or company may appeal from any decision of the department of trade and commerce to the district court of the county in which the state capital is located, unless otherwise provided, within 20 days from the date thereof. Just what this section has reference to is not apparent, but certain it is that it can have no application here, since under section 44-204, *supra,* the action is already in the district court and under section 44-205, *supra,* the appeal may be taken within 40 days to the district court.

If the contention of the appellee and the judgment of the district court that there has been a legislative declaration that quasi judicial power and original exclusive jurisdiction to determine legal and equitable controversies between insurance companies and their policyholders exist, such declaration must be found in the sections of the statute referred to. This we are unable to find either in direct terms or in language from which such an inference may be drawn. In truth and in fact the enforcement of rights and liabilities existing between companies and policyholders in the code has received no legislative attention whatever. It becomes quite clear from a careful examination of the insurance code that the legislature never intended that the insurance department should invade the judicial field or curb or abridge any of the constitutional, common-law or equity power of the district court, and never intended to do more than to confer upon the department supervision over insurance with power to initiate proper proceedings and to take necessary administrative and executive control to the end that insurance business in Nebraska would receive proper and necessary protection.

Since by the terms of the statute itself it is apparent that no judicial or quasi judicial power or jurisdiction was conferred or sought to be conferred on the insurance department in any contended particular, a discussion of the legal questions and authorities bearing upon the power of the legislature to take such action is of no importance here, except that it may be pointed out that at least to the extent that any such attempt to oust the district court from its jurisdiction over trusts and trust funds and litigation in relation thereto would be ineffective and void. *Folts v. Globe Life Ins. Co.,* 117 Neb. 723, 223 N. W. 797; *Whaley v. Matthews,* 134 Neb. 875, 280 N. W. 159.

This rule would render invalid any action of the legislature the purpose of which would be to deprive the district court of its jurisdiction over the assets and surplus of participating insurance companies, or the participating division of companies doing both a participating and a nonparticipating business, since this court is committed to the proposition that the assets of mutual insurance companies are trust funds. *Whaley v. Matthews, supra; Folts v. Globe Life Ins. Co., supra.*

The only other proposition necessary to be discussed herein is the contention that the plaintiffs are without right to maintain this action for themselves and all others similarly situated. The position that this court has taken is that the surplus of a mutual life insurance company belongs to its members and a minority member may sue on behalf of himself and all others similarly situated, for misapplication thereof. *Folts v. Globe Life Ins. Co., supra; Whaley v. Matthews, supra.* On the authority of these decisions we must hold that the action as commenced by plaintiffs in their own behalf and all others similarly situated was proper.

In the light of the foregoing, we are of opinion that the amended petition of plaintiffs states a cause of action against the appellee. We are further of the opinion that the district court has jurisdiction of the parties and of the subject-matter of the action, and that the insurance depart-

ment of the state of Nebraska has no original or exclusive power or jurisdiction to adjudicate the matters presented by plaintiffs' amended petition, and the district court erroneously sustained the demurrer of the appellee to said amended petition.

The judgment of the district court sustaining the demurrer of the appellee to the amended petition of plaintiffs is reversed and the cause remanded, with directions to the district court to vacate and set aside its order sustaining the said demurrer and to overrule the same with leave to the appellee to answer.

REVERSED.